Commonwealth of Pennsylvania, Department of Environmental Resources, Plaintiff *v.* Morcoal Company and Robert Stefanon, Defendants.

Armel Coal Co., Inc. et al., Additional Defendants.

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Robert P. Ging, Jr.,* Assistant Attorney General, for plaintiff.

*James N. Falcon,* for defendant, Morcoal Company.

*Robert Stefanon,* defendant, for himself.

PER CURIAM MEMORANDUM OPINION, September 26, 1980:

On July 23, 1979, the Department of Environmental Resources (Department) filed a complaint against Morcoal Company (Morcoal) and Robert Stefanon (Stefanon), pursuant to The Clean Streams Law, Act of June 22, 1937, P.L. 1987, *as amended,* 35 P.S. §691.1 et seq., and the Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, *as amended,* P.L. 1198, 52 P.S. §1396.1 et seq. On August 17, 1979, or 25 days after service of the complaint, a preliminary objection in the nature of a demurrer was filed by Stefanon and an answer with new matter was filed by Morcoal. The Department now moves to strike Stefanon's preliminary objection because it was not filed within 20 days of service of the complaint, as required by Pa. R.C.P. No. 1026. In addition, the Department requests the Court to strike Morcoal's new matter on the grounds that the new matter is actually a counterclaim improperly characterized as new matter or, in

the alternative, the new matter is not within this Court's jurisdiction because a statutory remedy was available to Morcoal.

## PER CURIAM ORDER

AND Now, this 26th day of September, 1980, having considered the Department's objections and the briefs in support of and contra to those objections, we order as follows:

1. The plaintiff's preliminary objection in the nature of a motion to strike defendant Robert Stefanon's preliminary objection in the nature of a demurrer is hereby sustained, defendant Stefanon's demurrer is dismissed as untimely filed, pursuant to Pa. R.C.P. No. 1026, and defendant Stefanon is ordered to answer the Department's complaint within 20 days after notice of this order.

2. The Department's preliminary objection in the nature of a motion to strike defendant Morcoal Company's new matter or, in the alternative, asserting a question of jurisdiction, is hereby sustained in part and denied in part as follows:

a. The allegations contained in paragraphs 75, 82, and 83 of Morcoal's new matter, together with Morcoal's request for permission to conduct mining operations pending the remedy of any violation and for an injunction against the institution of any enforcement actions, are an attempt by Morcoal to collaterally attack the Department's denial of a license to Morcoal in 1979. Since a statutory remedy is available to challenge a denial of a license under Article XIX-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* added by the Act of December 3, 1970, P.L. 834, 71 P.S. §510-1 et seq., we hereby sustain the Department's preliminary objection as to paragraphs 75, 82, and 83 and the related prayer for relief and strike those portions of the new matter.

b. As to all other paragraphs of Morcoal's new matter, the Department's preliminary objections are dismissed. The Department may reply to Morcoal's new matter within 20 days of notice of this order.