Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Fred C. Pace, as Chief Administrative Judge of the Board of Claims, Board of Claims and Westmoreland Engineering Co., Inc., Respondents.

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Mark F. Brancato,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for petitioner.

*Thomas P. Shearer,* with him *George I. Bloom,* and *Lawrence A. Layton,* for respondent, Westmoreland Engineering Co., Inc.

Opinion by Judge Craig, January 27, 1982:

Westmoreland Engineering Co. Inc. has filed two claims with the Board of Claims against the Pennsylvania Department of Transportation (PennDOT.), each claim seeking compensation for professional services rendered in connection with the engineering design of a portion of Legislative Route (LR) 1015 in Westmoreland County.

Westmoreland filed the first claim (Board Docket No. 526) in May, 1977, relating to work on Section 4 of LR 1015. After hearings extending from December, 1978 to April, 1979, the board rendered a decision in Westmoreland's favor September 3, 1980. PennDOT appealed that decision to this court, and we recently affirmed it, in *Department of Transportation v. Westmoreland Engineering Co.,* 63 Pa. Commonwealth Ct. 318, 438 A.2d 1005 (1981).

That affirmance occurred after the events involved in the second claim, out of which the present issue arises. Westmoreland filed its second claim with the board in July, 1977, relating to Section 3A of LR 1015. When the board hearings on that second claim began in January, 1980, PennDOT counsel advised the board and Westmoreland that, when the board reached its decision on the first claim, PennDOT intended to file

an amended answer asserting the board's resolution of the first claim as a bar to the second one. However, PennDOT did not at that time plead the pendency of a prior action as a defense or otherwise actually raise a defense on the basis that Westmoreland's one and only cause of action was embodied in the first claim. Hearings on the second claim ended in July, 1980; not until after the board's decision on the first claim in September, 1980 did PennDOT, on September 26, move for leave to file an amended answer to the second claim to plead the first claim decision as res judicata.

From the board's denial of that motion, we have PennDOT's appeal, presently before us.

Initially we decline to agree with Westmoreland that the issue before us is interlocutory; on the basis of *Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966), we are obligated to treat the rejection of a res judicata defense as a matter sufficiently final for resolution upon appeal.

Hence the issue before us is whether the board committed an error of law or abused its discretion in refusing PennDOT leave to amend its pleadings in order to put forward Westmoreland's first claim, or the board's decision upon it, as a bar to the second claim. *See Pinksky v. Master,* 343 Pa. 451, 23 A.2d 727 (1942); *Trabue v. Walsh,* 318 Pa. 391, 177 A. 815 (1935).

We begin with the basic premise that defenses not pleaded must be deemed to have been waived. *Pugh v. Bankers Mutual Casualty Co.,* 206 Pa. Superior Ct. 136, 143, 211 A.2d 135, 138-9 (1965); *see* Pa. R.C.P. No. 1032. Moreover, the pleading of a defense must be timely, and leave to amend may be refused if the request has been unreasonably delayed, so as to prejudice the opposing party. *Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967); *Willinger v. Mercy Catholic*

*Medical Center,* 241 Pa. Superior Ct. 456, 362 A.2d 280 (1976); *Allen & Hall v. Roberts,* 85 Pa. Superior Ct. 279 (1925).

PennDOT asserts that res judicata, which must be raised in a responsive pleading, *Margolis v. Miller,* 170 Pa. Superior Ct. 148, 84 A.2d 213 (1951), could not be pleaded in this second claim case until there was a final judgment on the first claim. We agree, *Creighan v. Pittsburgh,* 389 Pa. 569, 132 A.2d 867 (1957), and we also recognize that the board's decision on the first claim, having been appealed to this court, may not have had finality as a judgment.

However, res judicata is merely the reverse side of the same coin which has pendency of a prior action as its obverse face. Under 61 Pa. Code §851.4(b), the Commonwealth is obligated to plead by way of an "answer or other defense."[1] PennDOT was able, and thus required, to raise its defense, contending that Westmoreland had made two claims out of one, before the lengthy hearings began, by a responsive pleading, *e.g., see* Pa. R.C.P. No. 1017(b)(5). At 40 A.L.R. 3d 108, we find the following:

> It is generally recognized that an objection to an alleged 'splitting' is untimely where two or more suits upon an alleged single demand are instituted against the defendant, and the defendant allows one of the suits to go to judgment before raising the objection against the alleged 'splitting' in the remaining suit still pending, the objection usually being in the form of an amended pleading which pleads the judgment as a bar to the pending suit.

---

[1] *Stevenson v. Department of Revenue,* 489 Pa. 1, 413 A.2d 667 (1980) held that the Pennsylvania Rules of Civil Procedure governed pleadings before the predecessor Board of Arbitration of Claims. *See* 4 Pa. Code §121.1.

Hence, the board was certainly justified in not permitting PennDOT to embark upon the formal initiation of a new line of defense more than two years after PennDOT could have posed essentially that same defense, before the commencement of long and complex hearings.

Although our examination of the record before us as to the second claim, coupled with our familiarity with the record in the first claim, produces considerable doubt as to the substantiality of PennDOT's proposed defense,[2] we are satisfied that the board acted correctly in its pleading ruling and therefore we do not rule upon the merits of the defense.

## ORDER

Now, January 27, 1982, the order of the Board of Claims, dated January 16, 1981, at Docket No. 542, denying the Commonwealth of Pennsylvania, Depart-

---

[2] Causes of action which are distinct and independent, although growing out of the same contract, transaction or state of facts, may be sued upon separately, and recovery of judgment for one such cause will not bar subsequent actions upon the others. *Singer v. Pilton*, 282 Pa. 243, 127 A. 611 (1925). When part of a contract consists of several distinct items and the price to be paid is apportioned, the contract is severable. *Lucesco Oil Co. v. Brewer*, 66 Pa. 351 (1871). The fact that causes of action arise out of the same transaction is not controlling. *City of Philadelphia v. Heinel Motors*, 346 Pa. 528, 31 A.2d 104 (1943). The proposed amendment would not advance PennDOT's position because the record shows that the contract (or contracts) here was severable. The work on Section 3-A and 4 was spatially separate work and it was treated separately by the parties. At PennDOT's request and with PennDOT's approval, work on the two sections was subject to separate accounting and separate cost items were assigned, by work element, to each section. The board may properly exercise its discretion to refuse to allow an amendment when it is clear that an amendment would not improve the pleaders position. *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966). Also see Anderson, *Pennsylvania Civil Practice*, §1033.40.

ment of Transportation, leave to amend the pleadings, is affirmed.

Judge PALLADINO did not participate in the decision in this case.