447 A.2d 288

William MOORE and Barbara Moore, Appellants,

v.

CLABELL–HICKORY, A General Partnership, and Clabell Company, A General Partnership.

Superior Court of Pennsylvania.

Argued March 8, 1982.

Filed June 25, 1982.

Daniel H. Shertzer, Lancaster, for appellants.

Christopher S. Underhill, Lancaster, for appellee.

Before CAVANAUGH, WICKERSHAM and CIRILLO, JJ.

WICKERSHAM, Judge:

On May 12, 1978 William and Barbara Moore filed a complaint in trespass in the Court of Common Pleas of Lancaster County against Clabell-Hickory, a general partnership and Clabell Company, a general partnership, defendants. In the complaint it was alleged that the defendants were the operators of a certain apartment complex known as the Village of Old Hickory, in the township of Manheim. Further it was alleged that on June 25, 1976, an agent or employee of the defendants "unlawfully sold a substantial quantity of beer to the plaintiff, William Moore, at the pro shop at the Village of Old Hickory." Further, plaintiffs allege that as a result of said unlawful sale, the plaintiff William Moore became visibly intoxicated, entered the swimming pool area and jumped into the pool resulting in a cervical spine fracture and other injuries.

According to the sheriff's return of service, the complaint was served on May 19, 1978 on one Robert Sowers at 45 E. King Street in Lancaster who was described as "manager" in the sheriff's return. On June 5, 1978 an appearance of counsel was entered by Barley, Snyder, Cooper and Barber "on behalf of the Defendants." On June 30, 1978 an appear-

ance of counsel was entered by Hartman, Underhill and Brubaker "on behalf of Clabell-Hickory and Clabell Company, Defendants."

On July 14, 1978, an answer was filed by Hartman, Underhill and Brubaker, Esquires on behalf of "Defendants" with an affidavit executed by Clyde W. Horst, who identified himself as "a general partner in Clabell-Hickory and Clabell Company." In the body of the answer so filed, both defendants admitted that they were general partnerships and further that Clabell-Hickory had a place of business at 717 Olde Hickory Road in Lancaster. It was denied, however, that the defendants were the operators of an apartment complex known as the Village of Olde Hickory, Manheim Township. To the contrary, Clabell-Hickory alleged in the answer that it was the owner and the operator of the Olde Hickory Racquet Club only and had no connection whatsoever with the operation of the apartment complex known as the Village of Olde Hickory. It was further alleged that Clabell Company also had no connection with the apartment complex known as the Village of Olde Hickory. Finally it was denied that any employee or agent of "the Defendants" sold beer to the plaintiff William Moore either lawfully or unlawfully on June 25, 1976. In paragraph four of the answer, the defendants opined that "if the Plaintiff obtained beer from anyone on or about June 25, 1976, it was from David Collingwood, who was the golf pro in charge of the Pro Shop at the Village of Olde Hickory Golf Club and who was at the time in question an independent contractor."

On July 24, 1978 plaintiffs William and Barbara Moore, by their attorneys, filed preliminary objections to the defendants' answer alleging that, inter alia, the plaintiffs had filed their complaint on May 12, 1978, which complaint was served on the defendants on May 19, 1978 and that an appearance had been entered "for the defendants" on June 5, 1978 and further that the statute of limitations[1] for the action

---

1.    An action to recover damages for injuries to the person caused by the wrongful act or neglect or unlawful violence or negligence

against the defendants ran out on June 25, 1978 and it was not until July 14, 1978, without leave of court, that the defendants filed an answer to the plaintiffs' complaint "denying that the defendants were the operators or in any way connected with an apartment complex known as the Village of Olde Hickory and denying that the person who sold beer or any other alcoholic beverages to the plaintiff, William Moore, on or about June 25, 1976, was agent of the defendant's." The gravaman of the preliminary objections is found in paragraph six thereof wherein it was alleged that "due to the lapse of time between the service of the plaintiffs' complaint on the defendant and the defendants' answer, the plaintiffs are now prejudiced by the defendants' late answer denying that they are connected with the Village of Olde Hickory and denying agency." Plaintiffs requested that the defendants' answer be stricken.

By order of January 18, 1979, the Honorable D. Richard Eckman overruled the plaintiffs' preliminary objection in the nature of a motion to strike the defendants' answer. Judge Eckman held that "the equities in the present case favor the Defendants." In his opinion accompanying his order of January 18, 1979, Judge Eckman stated that:

> The general rule is that a lapse of time sufficient to cause the Statute of Limitations to be a bar to a suit against a third party when ownership and agency are denied, results in sufficient prejudice to the plaintiff to allow him to strike a late answer.

Lower ct. op. at 1.

Relying upon a holding from Allegheny County, Judge Eckman concluded that the plaintiffs had contributed "to the late filing of an answer" by their delay in filing their complaint until just before the running of the statute. The

of another must be commenced within 2 years. (42 Pa.C.S. § 5524(2) ). This limitation applies to all injuries, whether inflicted by corporations or individuals. The statute of limitations with respect to personal injury actions does not destroy a personal injury action, but rather creates a waivable defense to the action. 2 Standard Pennsylvania Practice 2d, § 13:38, 443–44 (footnotes omitted).

simple fact remains, however, that had defendants responded timely to plaintiffs' complaint, that is by the first week of June 1978, plaintiffs would have had an opportunity to join other defendants who might be liable on their cause of action before the statute of limitations ran on June 25, 1978.

The Pennsylvania Rules of Civil Procedure, in effect at the time of the filing of the complaint in this case, provided:

Rule 1026.  Time for Filing.  Notice to Plead

Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no responsive pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Instantly, the complaint did contain a notice to plead. Furthermore, plaintiffs filed their preliminary objections in the nature of a petition to strike defendants' answer in timely fashion.[2]

**2.** Such was not the case in *Hahnemann Medical College and Hospital of Philadelphia v. Hubbard*, 267 Pa.Super. 436, 406 A.2d 1120 (1979) where we considered an appeal from an order striking preliminary objections to the lower court's jurisdiction.  The appellant in *Hahnemann* had filed untimely preliminary objections but the appellee's motion to strike appellant's preliminary objections was itself untimely.  We said:

When a party, such as appellant here, files untimely preliminary objections, the opposing party may object to them as untimely.  In other words, the failure to take a default judgment does not preclude a party from objecting to untimely preliminary objections. However, the procedure prescribed by the rules must be followed. Here, appellee's counsel did not follow that procedure.  Appellee's motion to strike appellant's preliminary objections was itself untimely, having not been filed until November 1, 1977, which was after the twenty-day period prescribed by Rule 1026 as the period within which any pleading subsequent to the complaint must be filed; an objection to preliminary objections as untimely is properly characterized as a 'preliminary objection to preliminary objections,' and is a pleading, 2 Goodrich-Amram 2d 1017(b):5, 43–44 (1976).  Concededly, appellee's counsel did not actually receive the preliminary objections until October 20, 1977.  This was not in any way the fault of appellant's counsel, however, as service was made in accordance with Rule 1027, and receipt was delayed only because appellee's counsel failed to provide an adequate forwarding address when he moved his offices.

We are unable to conclude, under the facts and circumstances of this particular case, that the equities favor the defendants. To the contrary, justice and fair play favors the position of the plaintiffs and we conclude that the lower court's failure to grant plaintiffs' preliminary objection in the nature of a motion to strike the defendants' answer was an abuse of discretion which has caused manifest and palpable injury to plaintiff. *Gagliardi v. Lynn*, 446 Pa. 144, 285 A.2d 109 (1971).

Reversed and remanded for further proceedings not inconsistent with this opinion.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent.

The majority holds that the lower court erred in failing to grant the plaintiffs' Motion to Strike the defendants' Answer. In its Opinion, the majority found that had the defendants responded timely to the complaint, the plaintiffs would have had time to join other defendants who might be liable in this suit. However, under the Pennsylvania Rules of Civil Procedure, the time within which pleadings may be filed can be extended.

> Rules relating to the manner of commencing an action or the time for serving process or for filing or serving pleadings may be waived by agreement of the parties. The court on cause shown may extend or shorten the time within which pleadings shall be filed or process served.

Pa.R.C.P. No. 1003.

This provision is designed to enable the courts to supervise the conduct of litigation and to prevent unfair prejudice to both sides. That purpose was indeed served in this case.

> *In fairness, counsel for both parties should be held to the same standard. While appellant's preliminary objections were untimely, it was the responsibility of appellee's counsel to file his own timely preliminary objection to the preliminary objections.* 2 Goodrich-Amram 2d 1026:1, 229 (1976). Appellee's counsel's failure to do so constituted a waiver of the untimeliness of appellant's preliminary objections.

*Id.*, 267 Pa.Superior Ct. at 441, 406 A.2d at 1123 (emphasis added).

The preliminary objections were briefed and, after argument, the lower court determined that the answer should stand. The Honorable D. Richard Eckman, in his Order of January 18, 1979, stated, "We are of the opinion that the equities in the present case favor the defendants." I am compelled to agree with Judge Eckman.

If the plaintiff has been prejudiced by the late answer, because of the running of the statute of limitations, the fault lay as much, or even more, with the plaintiffs than with the defendants. The plaintiffs had control of their cause of action for almost two years and had every opportunity to investigate all of the facts, including the identity of potential defendants.

The consequences of the plaintiffs' failure to sue the right parties was the direct result of their own actions. Therefore, I would hold that the court did not abuse its discretion when it permitted the defendants more than twenty days to file an answer. *Compare: Turner v. Hebner*, 276 Pa.Super. 341, 419 A.2d 488 (1980).

Additionally, the lower court properly determined that the plaintiffs could not amend their complaint to rectify their error in suing the wrong defendants. The plaintiffs sought to add new and distinct parties to the litigation after the expiration of the statute of limitations.

Rule No. 1033 of the Pennsylvania Rules of Civil Procedure provides for the amendment of a complaint to "change the form of action" or "correct the name of a party." However, the rule will not permit the addition of new and distinct parties to the litigation, particularly where the statute of limitations has run against the new causes of action. *Cianchetti v. Kaylen*, 241 Pa.Super. 437, 361 A.2d 842 (1976), *Hillbrook Apartments, Inc. v. Nyce Crete Company*, 237 Pa.Super. 565, 352 A.2d 148 (1975).

Accordingly, I would affirm the Order of the Court below.