450 A.2d 149

**Milton BELL, Appellant,**

v.

**JEFFERSON REPUBLICAN CLUB and The Second Floor, Inc. and Wayne Geftman and Barry Geftman and Raymond Housepian.**

Superior Court of Pennsylvania.

Argued June 4, 1982.

Filed Sept. 10, 1982.

Lee Meredith Herman, Philadelphia, for appellant.

Edward McCandless, Philadelphia, for appellees.

Before HESTER, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County granting a petition to open a default judgment.[1] For the reasons which follow, we reverse and remand for further proceedings.

This case arose out of a trespass dram shop action brought by appellant on May 6, 1980. Appellant/plaintiff sought damages for injuries sustained when he was allegedly pushed through a plate glass window at "The Second Story" by a patron, Tony Canale. Named as defendants were Jefferson Republican Club, liquor licensee; The Second Floor, Inc., operator of the private club; and three individuals who are allegedly officers and/or directors of the above.

On May 8, 1980, the complaint was served on all named defendants. On May 29, 1980, a ten day notice of intention to take default judgment was sent, pursuant to Rule 237.1 of the Pennsylvania Rules of Civil Procedure. On June 9, 1980, Howard M. Girsh, Esquire entered his appearance on behalf of all of the defendants except The Second Floor, Inc. (hereinafter "appellee"). Thereafter, he contacted appellant's counsel, advising him that he did not represent appellee and requesting an extension of time to file an answer on behalf of the other defendants. On June 16, 1980, default judgment was entered against appellee only, for their failure to enter an appearance or answer the complaint. On June 30, 1980; Mr. Girsh contacted appellant's counsel and informed him that appellee was covered by defendant's insurance policy and, therefore, he was going to represent them. He asked appellant to voluntarily open the judgment, but appellant refused. Two weeks later, on July 14, 1980, appellee filed a petition to open the default judgment. The petition was granted on October 1, 1980 and it is from that order that this appeal is taken.

Appellant contends that the lower court erred in opening the default judgment where no depositions were taken and where there were contested issues of fact.

1. Pa.R.A.P. 311(a)(1) provides for the interlocutory appeal as of right from orders opening default judgments.

Appellee's petition to open judgment avers that the defendant's insurance policy was ambiguous as to the coverage of appellee and, therefore, the default was reasonably explained as an error of the insurance company. The petition further alleges that the Jefferson Insurance Company initially examined the policy of insurance it had issued and determined that it owed a defense to all named defendants except appellee. The insurance company's records showed only the Jefferson Republican Club, as the insured. On June 13, 1980, after notifying appellant that appellee was not covered by the policy, Mr. Girsh requested further verification from the insurance company on the question of appellee's coverage. On June 28, 1980, the insurance company notified Mr. Girsh that contact with the insured's agent established that the policy was meant to include coverage for appellee. Appellant's answer to the petition denied these factual allegations and demanded strict proof thereof. The pleadings thus disclose one or more disputed issues of fact.[2]

■ It is well settled that when a respondent effectively denies material allegations in a petition to open, the petitioner must support his position with clear and convincing proof. *Johnson v. Leffring*, 211 Pa.Super. 84, 235 A.2d 435 (1967). Pa.R.Civ.P. 209[3] provides the procedure for establishing such proof.

**2.** We note that appellee admitted, in its Supplemental Memorandum in support of its petition, that there were issues of fact to be resolved under Rule 209.

**3.** Pa.R.Civ.P. 209 provides:
   If, after the filing and service of the answer, the moving party does not within fifteen days:
   (a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or
   (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule); the respondent may take a rule as of course on the moving party to show cause why he should not proceed as above. If after hearing the rule shall be made absolute by the court, and the petitioner shall not proceed, as above provided, within fifteen days thereafter, the respondent may order the cause for argument on

■ Pursuant to Rule 209, the petitioner must either take depositions on disputed factual issues or order the cause for argument on the petition and answer, thereby conceding the existence of all facts properly pleaded in the answer. *See Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979); *Zinck v. Smashy's Auto Salvage, Inc.*, 250 Pa.Super. 553, 378 A.2d 1287 (1977). Or, the respondent may, after fifteen days, in order to expedite the proceedings, obtain a rule to show cause why the petitioner should not take depositions or order the cause for argument on the petition and answer. *See America Corp. v. Cascerceri*, 255 Pa.Super. 574, 389 A.2d 126 (1978).

■ Appellee's failure to take depositions does not automatically trigger Rule 209, to operate as an admission of all averments of fact in the answer. Only when the petitioner himself orders the cause for argument on the pleadings or, when the petitioner ignores a rule absolute to move for depositions, can the factual averments of a responsive answer be taken as true against the petitioner. *See Getzik v. Spiegel*, 280 Pa.Super. 175, 421 A.2d 462 (1980); *Instapak v. S. Weisbrod Lamp & Shade Co., Inc.*, 248 Pa.Super. 176, 374 A.2d 1376 (1977).

In *Instapak, supra,* this court faced a similar situation and found the lower court had acted prematurely:

Here, appellee as the moving party did not proceed by rule or by agreement of counsel to take depositions; neither did appellee order the cause for argument on petition and answer; neither did appellant as respondent take a rule on appellee to show cause why it should not either proceed to take depositions or order the cause for argument on petition and answer. Instead, with only the petition and the answer, the lower court granted the petition. That decision was premature. The dispositive issue is whether appellee's counsel did or did not have a mistaken belief about the date by which an answer had to

petition and answer, in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule.

be filed, and on that issue the court had before it no evidence, only contradictory pleadings. Such being the case, the court had no proper basis for preferring one party's version to the other party's.

*Id.*, 248 Pa.Superior Ct. at 181–182, 374 A.2d at 1379.

In the more recent case of *Shainline, supra,* this court again found the lower court's action premature:

> . . . Instead of waiting for either party to take action under the rule [209], the court decided the petition on petition and answer alone. The court stressed in its opinion that appellant had "failed to present any evidence whatsoever in support of its various allegations". . . . This conclusion was clearly premature under Rule 209. The rule places no time limits on either petitioner or respondent to take action and thus, at the time the court injected itself into the proceedings, either party had the option to take a rule on the other to proceed under Rule 209. Until one of the parties took action under Rule 209, or until some other force spurred matters along, the court should not have acted.

*Id.*, 266 Pa.Superior Ct. at 137, 403 A.2d at 581.

■ In the instant case, there was no evidence, only contradictory pleadings before the lower court on the issue of whether the defendant's insurance policy was ambiguous as to the coverage of appellee. Neither party took action under Rule 209,[4] and the court decided the petition on the

---

4. Though neither party took action under Rule 209, the appellee in its Supplemental Memorandum in support of its petition, stated that since there were issues of fact in dispute that it was within the scope of Rule 209 and that depositions ought to be ordered, by the judge, pursuant to Rule 140 of the local rules of the Court of Common Pleas of Philadelphia. Rule 140 provides, in pertinent part:

> (E) When a matter is filed in the Motion Court, it shall be referred to a judge for decision, except those set forth in Section (F) thereof. The assigned judge shall initially review the filing and response to determine whether any disputed issues of fact exist. Where it appears that disputed issues of fact exist which must be resolved under Pa.R.C.P. 209, the judge shall enter a rule upon the parties to proceed in accordance with Rule 209. Any filings pursuant to Rule 209 shall be made directly with the assigned judge.

pleadings alone. Thus, the court's decision was premature, and we hereby remand this case for further proceedings consistent with Pa.R.Civ.P. 209. Jurisdiction is not retained.

Reversed and remanded.

Thus, it is evident that appellee did not proceed under Rule 209 because it was the court's duty under the local rules to order that depositions be taken.