455 A.2d 643

**Ernest W. GOLDSBOROUGH, Appellant,**

v.

**CITY OF PHILADELPHIA, Frank L. Rizzo, Hillel S. Levinson, Joseph Wnukowski, Foster Roser and Thomas Piccoli.**

Superior Court of Pennsylvania.

Argued Oct. 5, 1981.

Filed Dec. 10, 1982.

Reargument Denied Feb. 25, 1983.

Petition for Allowance of Appeal
Denied June 8, 1983.

George J. O'Neill, Philadelphia, for appellant.

Marylouise Darsigny, Philadelphia, for appellees.

Before WICKERSHAM, McEWEN and POPOVICH, JJ.

McEWEN, Judge:

We here consider an appeal from an order of the Court of Common Pleas of Philadelphia County which entered a judgment of non pros against the plaintiff and in favor of the defendants. We affirm.

Plaintiff, a former employee of the City of Philadelphia, brought this action as a result of the alleged improper termination of his position as "Prison Program Development Director". Suit was commenced on May 24, 1974, by a writ of summons in trespass and assumpsit. On June 24, 1974, the Prothonotary, upon praecipe of the defendants, entered a rule upon the plaintiff to file a complaint in twenty (20) days or suffer a judgment of non pros. Counsel for defendants on June 27, 1974, granted counsel for plaintiff an extension of sixty (60) days in order to allow the plaintiff time to prepare a complaint. Counsel for plaintiff then served a notice on counsel for defendants that the deposition of each of the individual defendants would be taken on July 8, 1974, "to assist counsel for plaintiff in preparation of a complaint upon all causes of action plaintiff may have against defendants by reason of their acts and omissions in connection with all events, occurrences and transactions leading up to and following the abolition of plaintiff's job with the City of Philadelphia and his 'layoff' resulting therefrom. An additional purpose is the preservation of testimony and other evidence for use at trial as permitted by law." Defendants moved for a protective order contending that the conduct of depositions would be prejudicial to the defendants and that the plaintiff had sufficient information to file a complaint due to the fact that complaints had earlier been filed with both the Pennsylvania Human Relations Commission on July 25, 1973,

and with the Equal Employment Opportunity Commission on March 19, 1974. The protective order was granted on September 23, 1974, and prohibited plaintiff from scheduling depositions until after responsive pleadings, including a complaint and answer thereto, were filed.

It was not until more than four years had elapsed and the suit was listed for dismissal pursuant to the Philadelphia Common Pleas Court Rule 130 pertaining to the disposition of cases that had been inactive for two years, that plaintiff filed a complaint on December 22, 1978. Defendants filed preliminary objections with a request that the complaint be stricken with prejudice and a judgment of non pros be entered in favor of the defendants.

Plaintiff, in response to the preliminary objections of defendants, filed preliminary objections requesting that the preliminary objections of the defendants be dismissed for the reason that defendants' preliminary objections were filed four days late. Defendants then filed an answer in which they admitted the late filing but alleged that plaintiff never denied their request for an extension of time.

The distinguished Judge Paul Silverstein of the Court of Common Pleas of Philadelphia County issued an Order which: (1) dismissed the preliminary objections of the plaintiff to the preliminary objections of the defendants; (2) granted the preliminary objections of the defendants which sought dismissal of plaintiff's complaint with prejudice; and (3) entered a judgment of non pros against the plaintiff.

■ The Common Pleas Court properly refused to strike the preliminary objections of the defendants on the basis of a four (4) day delay in the filing of this pleading. Pennsylvania Rule of Civil Procedure 126 provides as follows:

Rule 126. Liberal Construction and Application of Rules

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Our Supreme Court, in *Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860 (1951), decided that the trial court did not err when it allowed the filing of an answer ten (10) months after service of the complaint. The court therein stated, "it is sufficient now to hold that dilatory pleadings may be filed if the opposite party is not prejudiced and justice requires. Much must be left to the discretion of the lower court." In the instant case, the plaintiff has not suffered any prejudice by reason of the four (4) day delay in the filing of the preliminary objections and justice requires that the preliminary objections of the defendants not be stricken.

We next discuss the substantive issue of whether the judgment of non pros was properly entered.

> A court may properly enter a judgment of non pros (1) when a party to the proceeding has shown a want of due diligence in failing to proceed with reasonable promptitude, and (2) there has been no compelling reason for the delay, and (3) the delay has caused some prejudice to the adverse party ... (numerical designations added). *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 132, 247 A.2d 587, 589 (1968).

The Common Pleas Court in the instant case gave the following reasons for the entry of a non pros:

> There appears to be no compelling reason for the delay and none has been offered. By virtue of the passage of time, one individual defendant has died and two other individual defendants have retired, as a consequence of which the moving parties have been unduly prejudiced by plaintiff's dilatory action.
>
> A court may grant a non pros when it appears that the plaintiff has failed to prosecute his action within a reasonable time. There is no apparent reasonable excuse for the delay and defendants have been prejudiced thereby. (Trial Court Opinion at pp. 2–3).

There can be no disagreement that a delay of fifty-one months reflects "a want of due diligence." Nor is there any merit to the argument of the plaintiff that the order of

the Common Pleas Court which prohibited the taking of the depositions of the defendants prior to the filing of a complaint unduly limited the ability of the plaintiff to file that complaint. And, finally, we are unable to differ with the conclusion of the hearing court that the death of one individual defendant and the retirement of two others, constitutes a prejudicial impairment of the ability of the defendants to defend the law suit.

It seems clear that if the civil justice system is to achieve the goal of serving the public generally and litigants specifically in an alert, orderly and efficient fashion, then we must be wary on appellate review of reversing the decisions of the County Courts relating to the conduct of litigation in those courts, particularly with regard to timeliness, unless there appears to be a manifest abuse of discretion. The learned judge has in able fashion provided for a proper disposition of this case.

Order affirmed.