481 A.2d 662

**Edmund J. URBAN**

v.

**Margaret A. URBAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 13, 1983.

Filed Sept. 7, 1984.

Petition for Allowance of Appeal Denied Jan. 8, 1985.

Roland J. Christy, Spring House, for appellant.

William M. Cowan, Jr., Levittown, for appellee.

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas, Bucks County, sustaining appellee's preliminary objections and striking appellant's answer and new matter.

Appellant, Margaret Urban, had filed for divorce against her husband, Edmund Urban, the appellee in this case. Pursuant to the Divorce Code,[1] appellant requested among other things, the equitable distribution of marital property. While the divorce matters were pending, Mr. Urban on February 22, 1981, filed a complaint in equity which averred that an agreement existed between the parties to divide the proceeds from the sale of their marital residence. Appellant did not respond to this complaint until nearly fifteen months had elapsed. On May 11, 1982, appellant filed an answer and new matter to the complaint.

Shortly thereafter, appellee filed preliminary objections which alleged that he had been prejudiced by the late filing and demanded that the answer and new matter therefore be stricken. Appellant's answer to the preliminary objections admitted the late filing of the original answer, but denied that prejudice resulted to the appellee because of it. The appellee ordered the matter for argument on petition and answer. The Honorable Judge Issac E. Garb sustained appellee's preliminary objections and struck appellant's untimely filed answer. This appeal followed.

We address first the appealability of this order. Generally, an appeal will lie only from a final order unless otherwise permitted by statute. *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983). "An order is interlocutory and not final unless it effectively puts the litigant out of court, terminates the litigation or disposes of the entire case." *Rigidply Rafters v. Aetna Cas. & Sur. Co.*, 311 Pa.Super. 549, 552, 457 A.2d 1318, 1320 (1983); *Jackson v. Moultrie*, 288 Pa.Super. 252, 431 A.2d 1033 (1981). However, in determining what is a final appealable order, "we must look beyond the technical effect of the adjudication to

1. 23 Pa.C.S. § 101 *et seq.*

its practical ramifications." *Jackson v. Moultrie, supra,* 288 Pa.Superior Ct. at 255, 431 A.2d at 1034–35; *Praisner v. Stocker, supra.* "Certain orders which have not put a litigant literally 'out of court' or completely terminated the litigation have nevertheless been held to possess sufficient aspects of finality to be appealable immediately because the effect of the order has been to preclude the litigant from [presenting her claim]." *Praisner v. Stocker, supra,* 313 Pa.Superior Ct. at 338, 459 A.2d at 1258–59; *Freeze v. Donegal Mutual Insurance,* 301 Pa.Super. 344, 447 A.2d 999 (1982).

■ Instantly, we conclude that the lower court order striking appellant's answer and new matter is sufficiently final to warrant our review. *See, Posternack v. American Casualty Co. of Reading,* 421 Pa. 21, 218 A.2d 350 (1966); *Higgs v. New York Fire Insurance Co.,* 176 Pa.Super. 310, 106 A.2d 860 (1954); 2 P.L.E. Appeals § 36. The striking of the answer and new matter prevents appellant from denying averments of fact in the complaint and further prevents her from asserting affirmative defenses to appellee's action. Pa.R.C.P. 1029, 1030. The effect of appellant's pleadings being stricken here is to admit the existence of a valid agreement concerning the division of proceeds from the sale of the marital residence. For purposes of equitable distribution under the Divorce Code, the marital residence would thereby be excluded from consideration as marital property. 23 Pa.C.S. § 401(e)(2). Because the family home is both a substantial and unique asset, we believe that its removal from marital property calculation effectively puts appellant "out of court" on her claim for equitable distribution. Accordingly, we consider this appeal.

■ The Rules of Civil Procedure in Pennsylvania allow twenty days after service of a complaint for the filing of an answer. Pa.R.C.P. 1026. An answer not filed within the prescribed time may be stricken. Pa.R.C.P. 1017(b)(2). The twenty day filing rule, however, is not mandatory but permissive. Where possible the rules of civil procedure, including filing rules, should be construed in a liberal fash-

ion to effect equitable results. Pa.R.C.P. 126; *Goldsborough v. City of Philadelphia*, 309 Pa.Super. 347, 455 A.2d 643 (1982). Thus, the filing of dilatory pleadings will generally be permitted where the opposing party has not been prejudiced by the delay. Much is left to the discretion of the lower court. *Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860 (1951); *Goldsborough v. City of Philadelphia, supra; Commonwealth, Department of Transportation v. Pace*, 64 Pa.Cmwlth. 273, 439 A.2d 1320 (1982).

■ Appellant concedes that her answer and new matter were filed over one year after the time mandated by our rules had expired. Pa.R.C.P. 1026. There is no claim nor indication that appellant at any time sought leave of court to file an amended or late pleading. Pa.R.C.P. 1033. Nevertheless, appellant argues that the striking of her answer was improper because no prejudice resulted to appellee because of the untimely filing.

The court below did not subscribe to appellant's characterization of events. After finding that appellee was indeed severely prejudiced by the delay in the filing of the answer, Judge Garb sustained appellee's preliminary objections. In this regard Judge Garb opined:

(The) delay in time is not inconsequential and without prejudice to the plaintiff in view of the nature of these proceedings. The complaint was for the purpose of partitioning the proceeds of the sale of the property allegedly held as tenants by the entireties in the sum, initially, of approximately $33,500.00 held in escrow by the attorneys for the parties. During this entire period of delay the funds were held by the escrow agents and were not available to the parties who were the rightful owners...

In conjunction with the divorce proceedings a master was appointed and hearing dates fixed which had to be aborted because of the pendency of this action and this late filing of defendant's pleading. We are satisfied that the plaintiff has been severely prejudiced in denial of a speedy determination of whatever rights he may have in

the fund in question and therefore the access to whatever those funds may be.

Plainly, Judge Garb's well-reasoned explication demonstrates that he acted within his discretion in striking appellant's answer and new matter.

Appellant would have us invoke Pa.R.C.P. 209 as a basis for ruling that the lower court prematurely considered the matter of prejudice. Because we think that the fact finding mechanism engendered by Rule 209 is not applicable in this case, we reject this argument.

Appellant argues that appellee's preliminary objections are in the nature of a petition within the ambit of Rule 209. From this premise, appellant argues that because appellee as the moving party set the matter down for argument without taking depositions, the averments in the answer, including the denial of prejudice, were deemed admitted. If this case were one in which Rule 209 applied, appellant would not be incorrect in her assertion. However, it is not.

█ Rule 209 is implemented primarily as a fact-finding mechanism when certain factual issues remain unclear and in dispute. *Owens v. McCurdy*, 304 Pa.Super. 510, 450 A.2d 1028 (1982); *Bell v. Jefferson Republican Club*, 304 Pa.Super. 157, 450 A.2d 149 (1982). The rule places the duty on the moving party to proceed with depositions to prove disputed facts, or in the alternative, to admit the averments of fact in the respondent's answer. This procedure expedites matters and furnishes the lower court with a basis for disposition.

█ Preliminary objections are not considered in all circumstances to be petitions under Rule 209. Instantly, the mechanics of this rule are not necessary to prove the facts raised in appellee's preliminary objections. Appellee's preliminary objections were in the nature of a motion to strike a pleading. Objections raised by a motion to strike are limited to errors of form, where the alleged defects appear on the record or on the face of the pleadings. Where the facts are established on the record, and no real

dispute concerning them exists, Rule 209 is not applicable.[2] *See,* Anderson, Pennsylvania Civil Practice § 209.7; 5 Standard Pennsylvania Practice 2d § 25:44; Goodrich-Amram 2d § 209:2.

In this case, appellee's preliminary objections were self-sustaining. All facts relevant to the late filing were clearly stated in the appellee's pleading and verified by the record. Moreover, it is plain on the record that the appellee's action was kept in abeyance during the delay, and the subject funds inaccessibly held in escrow for that time. From these record facts, the lower court ruled as a matter of law that prejudice resulted to the appellee because of the extremely late filing of appellant's answer. There is no need for further proof.[3]

Notwithstanding the potential unfortunate consequence to the appellant, Judge Garb's order was an appropriate sanction for appellant's egregious breach of filing requirements. In light of the resultant prejudice to the appellee, even a most liberal reading of the rules would dictate a similar result.

Order affirmed.

SPAETH, President Judge, concurs in the result.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I respectfully dissent. Appellee's Preliminary Objections, which were sustained by the trial court, raised an important factual issue which Appellant denied in her Answer to Preliminary Objections. I believe the trial court should have taken evidence on this factual dispute before deciding to grant the relief that Appellee requested.

2. Similarly, the absence of formal verification of appellee's preliminary objections is not significant here.

3. Because the answer was stricken, we do not reach the merits of appellant's allegations of fraud, etc...

On February 27, 1981 Appellee Edmund J. Urban filed a Complaint in Equity alleging that an agreement existed between the parties to sell residential property which they jointly owned as tenants by the entireties and divide the net proceeds equally. A copy of the complaint containing a notice to defend was served on March 6, 1981 and fourteen months later on May 14, 1982 Appellant Margaret A. Urban filed an Answer and New Matter. Appellee responded on June 8, 1982 by filing unverified Preliminary Objections seeking to strike off Appellant's Answer and New Matter because of lack of conformity to rules of court. Paragraph 13 of the Preliminary Objections alleged that Appellant's delay in filing her Answer and New Matter prejudiced Appellee. This averment was denied in Appellant's Answer to Plaintiff's Preliminary Objections filed on June 23, 1982, but Appellant did not challenge the lack of verification of Appellee's Preliminary Objections.[1]

On August 6, 1982, without taking any evidence, the Honorable Isaac S. Garb sustained Appellee's Preliminary Objections and ordered that Appellant's Answer and New Matter be stricken.

Pa.R.C.P. 1026 provides:

Every pleading subsequent to the complaint shall be filed within twenty (20) days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

This rule, which Appellant clearly did not follow, prescribes no remedy for noncompliance. Where the late filing of a pleading has caused prejudice to the opposing party, however, late pleadings have been stricken.

1. Appellant argues before this court that Appellee's Preliminary Objections should be stricken because they are not verified, but since this argument was raised for the first time in Appellant's Brief it is waived. *Williams v. Stoudt & Son, Inc.,* 9 D & C 2d 786, 27 Leh.Co.L.J. 130 (1956). *See also General Mills, Inc. v. Snavely,* 203 Pa.Super. 162, 199 A.2d 540 (1964); Pa.R.C.P. 1032; Goodrich-Amram 2d § 1024(a):4. But see *Siegel v. Stahlfield,* 64 D. & C.2d 132 (1973).

In *Moore v. Clabell-Hickory,* 301 Pa.Super. 154, 447 A.2d 288 (1982) plaintiffs, shortly before the expiration of the statute of limitations period, brought an action against two general partnerships believed to be the operators of an apartment complex. Defendants' answer filed almost three months later denied that they operated the apartment complex. Timely preliminary objections to defendants answer claimed that, if the answer had been filed in a timely fashion, plaintiffs would have had an opportunity to join others as additional defendants prior to the expiration of the statute of limitations.

The trial court concluded that plaintiffs had contributed to the late filing of the answer by waiting until just before the running of the statute to file the complaint. This court, believing that the equities favored the plaintiffs, found that the trial court's failure to strike the defendant's answer was an abuse of discretion. *See also Commonwealth, Department of Environmental Resources v. Marcoal Company,* 54 Pa.Commw. 87, 419 A.2d 821 (1980).

In *Moore v. Clabell-Hickory,* the record on its face demonstrated that the plaintiffs had been prejudiced by the running of the statute of limitations. There were no unresolved issues of fact before the court on the question of prejudice. In the instant case, however, the issue of prejudice is contested. Appellee Edmund A. Urban alleged that the Appellant's substantial delay in answering the complaint significantly prejudiced him. This claim of prejudice was denied by Appellant leaving this important factual issue unresolved.

Pa.R.C.P. 1028(c) provides guidance to trial courts when factual issues raised in preliminary objections remain unresolved. The rule states:

A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. *If an issue of fact is raised, the court shall take evidence by depositions or otherwise.* (Emphasis supplied).

In the case at bar, the trial court should have resolved the factual dispute by receiving evidence through interrogatories, depositions or an evidentiary hearing even though the parties had not provided the trial court with evidence necessary for a proper resolution. *Luitweiler v. Northchester Corporation*, 456 Pa. 530, 535, 319 A.2d 899, 902 (1974); *Holt Hauling & Warehousing v. Aronow Roofing*, 309 Pa.Super. 158, 161, 454 A.2d 1131, 1133 (1983).

When, as in the instant case, preliminary objections can only be resolved by the presentation of facts outside the record, the trial court must take additional evidence. The failure of the trial court to take evidence where an issue of fact is raised on preliminary objection is a ground, on appeal, to vacate and remand any determination on the preliminary objection. *Telstar Corp. v. Berman*, 281 Pa. Super. 443, 422 A.2d 551 (1980). *See also Bell v. Jefferson Republican Club*, 304 Pa.Super. 157, 450 A.2d 149 (1982) (trial court decision opening default judgment was reversed and remanded where no depositions were taken and where there were contested issues of fact).

Because I believe that the trial court had no basis of record finding that the Plaintiff-Appellee had been prejudiced, I would vacate and remand to permit the trial court to take evidence on the question of prejudice.