## North Codorus Township v. Keeney

*Daniel M. Frey*, for plaintiff.
*Janis M. Rozelle*, for defendants.

RAUHAUSER JR. *J.*, July 30, 1986—This matter is before the court on defendants' preliminary objection in the nature of a demurrer and in the alternative a motion to strike and a motion for a more specific pleading, and defendants' preliminary objection in the nature of a nonjoinder of a necessary party.

Also before the court is plaintiff's preliminary objections in the nature of a motion to strike defendants' preliminary objections.

The facts of the case are as follows:

Defendants, Speed E. Keeney and Esther R. Keeney, owned a tract of land in North Codorus Township, York, Pa. On February 5, 1969, defendants sold and conveyed all of the lots which made up this tract of land.

At this time, plaintiff, North Codorus Township, claims it had in effect a land development and subdivision ordinance. Plaintiff argues that the subdivision ordinance required that defendants (1) present the plan for approval, (2) complete streets in accor-

dance with the subdivision ordinance, and (3) record the plan after approval.

Plaintiff claims that defendants are in violation of the subdivision ordinance in that defendants did not obtain approval of their plan by the township, defendants did not make street improvements in accordance with the subdivision ordinance of North Codorus township, and defendants conveyed the lots without subdivision approval.

Plaintiff claims that it repeatedly requested that defendants submit a subdivision plan for approval and comply with the requirements of the subdivision ordinance and that defendants have refused to comply.

Procedurally, plaintiff filed a complaint in equity to compel defendants to submit a subdivision plan to comply with the North Codorus township subdivision ordinance. The complaint was filed on December 30, 1985. On January 7, 1986, defendants' attorney asked for an additional 30 days in which to file a responsive pleading. On January 14, 1986, plaintiff's attorney agreed to allow defendants' attorney to have an additional 30 days in which to file a "responsive pleading." On February 20, 1986, defendants filed preliminary objections to plaintiff's complaint.

The issue before the court is whether a defendant may file preliminary objections to plaintiff's complaint when he/she has been granted a 30-day extension by opposing counsel in which to file a "responsive pleading."

A motion to strike is authorized by the Pennsylvania Rule of Civil Procedure for the purpose of preliminarily objecting to a pleading for lack of con-

formity to law or rule of court or because of scandalous or impertinent matter. Pa.R.C.P. 1017(b)(2) 42 Pa.C.S. (1947). A motion to strike is limited to errors of form. *Urban v. Urban,* 332 Pa. Super. 373, 380, 481 A.2d 662, 666 (1984).

Pennsylvania Rule of Civil Procedure 1029(a) states:

"A responsive pleading shall admit or deny each averment of fact in the preceding pleading or any part thereof to which it is responsive. A party denying only a part of an averment shall specify so much of it as admitted and shall deny the remainder. Admissions and denials in a responsive pleading shall refer specifically to the paragraph in which the averment admitted or denied is set forth."[1] Pa.R.C.P. 1029(a), 42 Pa.C.S. (1983).

This court concludes that preliminary objections are not responsive pleadings as defined by the Pennsylvania Rules of Civil Procedure 1029(a).

---

1. Rule 1026 governs the time for filing pleadings subsequent to the complaint. Some confusion has been caused by the phrase "responsive pleading." The argument has been made that the term does not include preliminary objections because preliminary objections are not "responsive" to a pleading. They do not respond to the factual allegations of the preceding pleading.

Such an agrument leaves the preliminary objection in the position of not being required to be filed within the same time period as other pleadings. This construction is contrary to rule 128(a), which provides that the Supreme Court in promulgating the rule did not intend a result that is unreasonable. However, to remove any ambiguity created by the phrase, the rule is amended to delete the word "responsive." Pa.R.C.P. 1026, 42 Pa.C.S. (Explanatory Note 1979).

Therefore, plaintiff's motion to strike defendants' preliminary objections is granted.

### ORDER

And now, this July 30, 1986, plaintiff's preliminary objection in the nature to strike defendants' preliminary objection is granted.

Defendants are granted 30 days within which to file a responsive pleading.