## Mister Donut of America Inc. v. Constance Plus II Inc.

*Arthur L. Pressman* and *Robert M. Kline,* for plaintiff.

*Robert E. Marsh Jr.* and *Francis Hoegen,* for defendants.

MUNDY, *J.,* August 15, 1991—Plaintiff commenced the above-captioned matter by complaint filed on May 22, 1991. Plaintiff's action is seeking the recovery of franchise fees, attorneys' fees and costs involving a franchise agreement dated May 14, 1979.

Defendants, on June 12, 1991, filed preliminary objections in the form of a motion to strike. Defendants are seeking to strike from plaintiff's complaint the request to recover collection costs and attorneys' fees, due to the fact that they are not specified as recoverable in the dealer's franchise agreement dated May 14, 1979, attached to plaintiff's complaint as exhibit "A."

A motion to strike is governed by Pa.R.C.P. 1017, which provides:

"Preliminary objections are available to any party and are limited to (1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons; (2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter."

Ordinarily in reviewing a preliminary objection in the form of a motion to strike, we are directed to focus our examination on errors of form which appear on the record or on the face of the pleadings. *Urban v. Urban,* 332 Pa. Super. 373, 481 A.2d 662 (1984).

Under the common law, attorneys' fees are not generally recoverable as part of the cost of a suit in the absence of express statutory allowance or an agreement of the parties. Absent these two circumstances the general rule is that each party to adverse litigation is required to pay his or her own counsel fees. *Estate of Wanamaker,* 314 Pa. Super. 177, 179, 460 A.2d 824, 825 (1983); *Chatham Communications*

*Inc. v. General Press Corp.,* 463 Pa. 292, 344 A.2d 837 (1975); *Shapiro v. Magaziner,* 418 Pa. 278, 210 A.2d 890 (1965); and *White v. Redevelopment Authority of McKeesport,* 69 Pa. Commw. 307, 451 A.2d 17 (1982).

Section 2503 of the Judicial Code, 42 Pa.C.S. §2503, provides eight classes of participants who are entitled to recover counsel fees:

"§2503. *Right of participants to receive counsel fees*

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

"(1) The holder of bonds of a private corporation who successfully recovers due and unpaid interest, the liability for the payment of which was denied by the corporation.

"(2) A garnishee who enters an appearance in a matter which is discontinued prior to answer filed.

"(3) A garnishee who is found to have in his possession or control no indebtedness due to or other property of the debtor except such, if any, as has been admitted by answer filed.

"(4) A possessor of property claimed by two or more other persons, if the possessor interpleads the rival claimants, disclaims all interest in the property and disposes of the property as the court may direct.

"(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgment.

"(6) Any participant who is awarded counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter.

"(7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter.

"(8) Any participant who is awarded counsel fees out of a fund within the jurisdiction of the court pursuant to any general rule relating to an award of counsel fees from a fund within the jurisdiction of the court.

"(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.

"(10) Any other participant in such circumstances as may be specified by statute heretofore or hereafter enacted."

First, in reviewing the franchise agreement, exhibit "A" attached to plaintiff's complaint, we find only two provisions regarding dealer's responsibility concerning costs and attorneys' fees to plaintiff. Dealers must pay all costs and attorneys' fees regarding claims for damage to person or property which arise out of dealer's premises. (Refer to page 5, paragraph 15, insurance and indemnity claims of the franchise agreement.) Also, dealers are responsible for legal fees connected with the transfer of the franchise. (Page 6, paragraph 16 of franchise agreement.)

The franchise agreement contains no provisions for the recovery of counsel fees or costs when an action is commenced to recover the franchise fee or advertising fee referred to therein.

Equally, the averments of plaintiff's complaint do not raise any factual circumstances that fall within the enumerated statute, 42 Pa.C.S. §2503.

Accordingly, we enter our order as attached.*

It is hereby, ordered, adjudged and decreed as follows:

(1) Defendant's motion to strike is hereby granted and plaintiff is directed to file an amended complaint within 20 days from the date of this order, deleting all references to attorneys' fees and costs;

(2) Defendants are given 20 days to plead over to plaintiff's amended complaint from the date of service thereof; and

(3) The prothonotary of Luzerne County is directed to mail notice of entry of this order to all counsel of record pursuant to Pa.R.C.P. 236.

---

* It is important to note that plaintiff filed no answer to defendants' preliminary objections which contained a notice to plead and was verified. Furthermore, Luzerne County Rule 270(c) requires any party wishing to contest a' preliminary objection to file and serve a comprehensive reply brief upon the moving party and the court administrator within 25 days following receipt of the motion and supporting brief. Subsection (e) of that rule declares that any party who fails to file a reply brief within the allotted time period shall be deemed not to oppose the objections, and the judge to whom the assignment is then made has the authority to dispose of it in accordance with law as a matter of course. See also, *Vibra-Tech Engineers Inc. v. Dale & Dale Design & Development Inc.*, 80 Luzerne Leg. Reg. 1 (1989).