SMYTH, J.,
ORDER
Plaintiff Holly Rothberg instituted this action by filing a complaint April 24, 2014, against AAA Mid-Atlantic Insurance Group, seeking to recover medical expenses arising out of an automobile accident. The affidavit of service of the complaint indicates it was served on AAA the same day.
One hundred thirty-seven days later, on September 8, 2014, AAA filed and served preliminary objections under Pa.R.C.P. 1028(a)(2), seeking to have the complaint stricken for failure to conform to law or rule of court, specifically in being verified by plaintiff’s attorney rather than the party in violation of Pa.R.C.P. 1024(c). Rule 1024 provides, in pertinent part:
(a) Every pleading containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer’s personal knowledge or information and belief and shall be verified....
*438 [[Image here]]
(c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person’s information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.
Pa.R.C.P. 1024(a), (c). See also Pa.R.C.P. 1002 (“Any act other than verification required or authorized by this chapter to be done by a party may be done by the party’s attorney.” (emphasis added)) and Pa.R.C.P. 1023.1(b). Preliminary objection is the appropriate means to challenge an improper attorney’s verification, Yanofsky v. Bannacker, 46 Pa. D. & C. 2d 435 (C.P. Phila. County 1969); see also Atl. Credit & Fin., Inc. v. Giuliana, 829 A.2d 340, 344 (Pa. Super. Ct. 2003) (holding preliminary objection to defective verification was proper), although leave to amend the pleading would be an appropriate remedy, see Lewis v. Erie Ins. Exch., 281 Pa. Super. 193, 421 A.2d 1214 (1980); Monroe Contract Corp. v. Harrison Square, Inc., 266 Pa. Super. 549, 405 A.2d 954 (1979), rather than to strike the improperly verified complaint in its entirety, as AAA requests the court to do. See also Harley Davidson Motor Co. v. Hartman, 296 Pa. Super. 37, 42, 442 A.2d 284, 286 (1982) (“Even where a trial court sustains preliminary objections on the merits, it is generally an abuse of discretion to dismiss a complaint *439 without leave to amend.” (citing Otto v. Am. Mut. Ins. Co., 482 Pa. 202, 205, 393 A.2d 450, 451 (1978))).
AAA’s preliminary objections were themselves in violation of court rule by being patently untimely under Pa.R.C.P. 1026(a), which provides, in general, that, “[Ejvery pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading . . . .” Pa.R.C.P. 1026(a). Consequently, rather than correct the patent error in the verification to the complaint raised in the preliminaiy objections, which we assume could have been easily done, plaintiff, on October 10, 2014, filed preliminary objections to AAA’s preliminary objections based on their untimeliness under Pa.R.C.P. 1026(a) — a permissible procedural parry to the thrust of an untimely pleading under Pa.R.C.P. 1028(a) (2). See Chester Upland Sch. Dist. v. Yesavage, 653 A.2d 1319, 1324 n.8 (Pa. Commw. Ct. 1994) (“[A] party has the right to file preliminary objections raising any appropriate defenses or objections which that party might have to an adverse party’s preliminary objection. The proper method for challenging the propriety of a preliminary objection is by a preliminary objection to a preliminaiy objection.” (citation omitted)); see also Jacobs v. Merrymead Farm, Inc., 799 A.2d 980, 983 (Pa. Commw Ct. 2002) (holding party who preliminarily objects to a preliminaiy objection does not waive procedural defect in the objection under Pa. R.C.P. 1032(a)); Commonwealth v. Morcoal Co., 54 Pa. Commw. 87, 419 A.2d 821 (1980) (per curiam) (order disposing of preliminary objections) (sustaining preliminary objection in nature of motion to strike as untimely preliminary objection/demurrer filed twenty-five days after service of complaint).
*440 Unfortunately, in what appears to be a developing pattern in the pleading in this case, plaintiff’s preliminary objections were subject to the same objection they raised to AAA’s preliminary objections, in being filed thirty-two days after service of AAA’s preliminary objections, and, hence, also untimely under Pa.R.C.P. 1026(a). The irony of the situation is apparently lost on the parties; neither the party objecting to the original untimely objections nor the party opposing the untimely preliminary objections to untimely preliminary objections in its response has acknowledged or pointed out that the preliminary objections raising the untimeliness of the preceding preliminary objections are themselves untimely. Cf. Yesavage, 653 A.2d at 1324 n.8 (“The proper method for challenging the propriety of a preliminary objection is by a preliminary objection to a preliminary objection.”).
The court is within its discretion either to dismiss the parties’ respective untimely preliminary objections or to address them on their merits, whether or not the opposing party has raised the procedural defect. See Ambrose v. Cross Creek Condos., 412 Pa. Super. 1, 11, 602 A.2d 864, 868 (1992) (holding trial court was within its discretion in refusing to strike preliminary objections based on brief delay in their filing); Delgrosso v. Gruerio, 255 Pa. Super. 560, 389 A.2d 119 (1978) (upholding order reinstating default judgment and dismissing preliminary objections filed one day beyond period trial court had allowed under Pa.R.C.P. 1003 in prior order opening judgment); see also Vision Serv. Plan v. Pa. AFSCME, 326 Pa. Super. 474, 474 A.2d 339, appeal after remand, 331 Pa. Super. 217, 480 A.2d 322 (1984) (affirming refusal to open default judgment entered against defendant who tried to file *441 preliminary objections without a supporting brief one day beyond extension granted by plaintiff’s counsel); cf. Peters Creek Sanitary Auth. v. Welch, 545 Pa. 309, 681 A.2d 167 (1996) (finding no abuse of discretion in trial court’s grant of plaintiff’s oral motion to strike answer to complaint as late under Pa.R.C.P. 1026(a) despite plaintiff’s failure to move for judgment by default and establishing that party filing late pleading must show just cause for delay before opponent must show prejudice from lateness); McCullough v. Clark, 784 A.2d 156, 158 (Pa. Super. Ct. 2001) (Eakin, J.) (“Where the untimely filing of preliminary objections is not excused and would prejudice the opponent, those obj ections must be dismissed as waived.... The [opponent] need not establish prejudice in order to prevail; the burden is on the defendant to provide a basis for the untimely motion.” (citation omitted)). The conundrum is we could not address both sets of preliminary objections on their merits, because if we were to grant plaintiff’s preliminary objections to AAA’s preliminary objections and strike the latter, plaintiff’s preliminary objections subject to the same objection as AAA’s would prevail; and then what would become of AAA’s perfectly valid objection to plaintiff’s facially invalid verification to the complaint?
To restore order to this muddled state of the pleadings, we choose to proceed, and hereby order, as follows: AAA’s preliminary objections and plaintiff’s preliminary objections to AAA’s preliminary objections are both dismissed as untimely filed under Pa.R.C.P. 1026(a). However, despite dismissing AAA’s preliminary objections raising plaintiff’s attorney’s improper verification to the complaint, we also strike the verification. Cf. Giuliana, 829 A.2d at 344 (alternative holding) (“[T]he requirement *442 of a verification is not waivable because without it a pleading is mere narration, and amounts to nothing.” (emphasis added)); Signora v. Kaplan, 33 Pa. D.&C. 4th 219 (C.P. Del. County 1996) (filing of answer and petition to open default judgment verified by counsel rather than parties failed to plead meritorious defense adequate to open judgment under Pa.R.C.P. 237.3), aff’d per curiam, 718 A.2d 355 (Pa. Super. Ct. 1998). Plaintiff shall have the right to file a substituted verification complying with Pa.R.C.P. 1024, and, if necessary for purposes of the substituted verification, an amended complaint, within twenty days of notice of this order, or face entry of judgment of non pros under the procedures set forth in Pa.R.C.P. 237.1. Within twenty days of plaintiff’s service of a substituted verification and/or an amended complaint filed in response to this order, AAA shall have the right to plead over to the complaint or amended complaint, as the case may be.