**CHESTER UPLAND SCHOOL DISTRICT and the City of Chester,**

v.

**John M. YESAVAGE, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 1, 1994.

Decided Dec. 30, 1994.

Michael W. McCarrin, for appellant.

Paola F. Tripodi, for appellees.

Before SMITH and KELLEY, JJ., and DELLA PORTA, Senior Judge.

KELLEY, Judge.

John M. Yesavage appeals the orders of the Court of Common Pleas of Delaware County (trial court) that sustained Chester Upland School District's and the City of Chester's (Chester) preliminary objections to Yesavage's counterclaim, denied Yesavage's preliminary objections to Chester's preliminary objections, and dismissed Yesavage's counterclaim with prejudice. We affirm.

On appeal to this court, Yesavage presents the following questions for review: (1) Whether the trial court erred in sustaining Chester's preliminary objections filed beyond the twenty day statutory period promulgated by Pa.R.C.P. No. 1026(a); (2) whether Chester's failure to raise all its objections in United States District Court resulted in a waiver of those objections; (3) whether Pa.R.C.P. No. 1028(d) vested in Yesavage an absolute right to plead over after his preliminary objections were overruled; (4) whether the trial court erred in denying Yesavage's preliminary objection in the nature of a demurrer.

■ Initially, we note that our scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law or whether constitutional rights were violated. *Long v. Thomas*, 152 Pa.Commonwealth Ct. 416, 619 A.2d 394 (1992), *petition for allowance of appeal denied*, 535 Pa. 641, 631 A.2d 1012 (1993). In an appeal challenging the sustaining of preliminary objections in the nature of a demurrer, we must determine whether on the facts averred, the law states with certainty that no recovery is possible. *Hawks by Hawks v. Livermore*, 157 Pa.Commonwealth Ct. 243, 246 n. 3, 629 A.2d 270, 271 n. 3 (1993).

■ The test for preliminary objections is whether it is clear and free from doubt from all of the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief. *Bower v. Bower*, 531 Pa. 54, 611 A.2d 181 (1992). However, any argumentative allegations or expressions of opinion are not accepted as true. *Firing v. Kephart*, 466 Pa. 560, 353 A.2d 833 (1976).

■ On November 18, 1991, Chester filed with the trial court a complaint against Yesavage in which it alleged that Yesavage owned 17 properties in the City of Chester upon which taxes were in arrears.[1] On December 12, 1991, Yesavage filed in response to Chester's complaint an answer, new matter and counterclaim. The counterclaim[2] set forth the following:

25. That at all times Plaintiff's acting under color of State law undertook a pattern of activity to deprive the defendant of Real and personal property in violation of The Constitution of the United States, The Constitution of the Commonwealth of Pennsylvania and Federal and State Statutes specifically, Federal RICO statutes.

26. That plaintiff's have conspired to deprive the defendant of rents in the amount of $354,000.00 by unlawfully denying defendant permits and use and occupancy certitudes unless defendant paid plaintiff's illegal fees and charges for the issuance of permits, and use and occupancy permits.

27. Plaintiffs' have willfully conspired to restrict appeal periods on filing of appeals from assessments and have engaged in a pattern of activity requiring properties to be assessed too highly when plaintiff's knew that the properties were condemned by plaintiff and had a nominal value.

(Reproduced Record (R.), Yesavage's counterclaim).[3]

As the result of the federal claims set forth in the counterclaim, Yesavage removed the matter to the United States District Court of

---

1. In its complaint, Chester alleged that Yesavage owed delinquent school district taxes and delinquent city real estate taxes pursuant to sections 10, 21(b) and 21(c) of the Local Tax Collection Law, Act of May 25, 1945, P.L. 1050, 72 P.S. §§ 5511.1–5511.42.

2. A counterclaim is in the nature of an independent action by the defendant and is to be regarded as if it were a separate action. *Com. ex rel. Sheppard v. Central Penn National Bank*, 31 Pa.Commonwealth Ct. 190, 375 A.2d 874 (1977).

3. Yesavage has failed to number the pages of the reproduced record submitted by him to this court in violation of Pa.R.A.P. 2173. Rule 2173 provides in pertinent part:

> Except as provided in Rule 2174 (tables of contents and citations), the pages of briefs, the reproduced record and any supplemental reproduced record shall be numbered separately in Arabic figures ... followed in the reproduced record by a small a....

Appellate review is only made more difficult when the rules are not followed by parties before this court.

the Eastern District of Pennsylvania on December 13, 1991. Chester, asserting that the District Court lacked subject matter jurisdiction, filed with the District Court a motion to remand the matter to the trial court and a motion to dismiss Yesavage's counterclaim for failure to state a claim. On January 29, 1992, the District Court remanded the matter to the trial court for lack of subject matter jurisdiction after determining that Chester's complaint did not arise under federal law.[4]

On April 24, 1992, Chester filed in the trial court preliminary objections in response to Yesavage's counterclaim and requested that the trial court dismiss Yesavage's counterclaim with prejudice. Chester's preliminary objections set forth the following:

6. In his Counterclaim, Defendant alleges that Plaintiffs denied certain use and occupancy permits he apparently requested and that Plaintiffs conspired to restrict or deny his appeals from tax assessment.

7. In his Counterclaim, Defendant fails to plead with sufficient particularity any specific actions taken by either Plaintiff, the specific property involved, any final decision reached at an administrative level and/or the status of any appeal from said Decision.

8. Plaintiff, Chester–Upland School District, has neither the power nor the apparatus to do any of the acts alleged by Defendant.

9. Defendant has failed to allege any final administrative action or decision which resulted in an unconstitutional taking of his property.

10. Defendant has failed to state a cause of action falling within any of the exceptions to governmental immunity set forth in 42 Pa.C.S.A. § 8542(b).

11. Defendant has failed to set forth the proper elements of a violation of the RICO Statute, 18 U.S.C. § 1964(c).

12. Actions brought pursuant to 18 U.S.C. § 1964(c) cannot be maintained against a municipality. (Citation omitted.)

(R., Chester's preliminary objections.)

On May 13, 1992, Yesavage filed preliminary objections to Chester's preliminary objections, alleging that the same should be stricken by the trial court as they were filed untimely pursuant to Pa.R.C.P. No. 1026(a) and were not raised at one time in compliance with Pa.R.C.P. No. 1028(b).[5] Yesavage also objected on other grounds to several paragraphs of Chester's preliminary objections:

28) That the Preliminary Objections filed against the Counterclaim of the defendant are deficient in that Paragraph 10 and Paragraph 12 raise claims of immunity from suit. Section 1030 of the Pennsylvania Rules of Civil Procedure require the defense of immunity from suit to be raised by Answer by way of New Matter. It is improper to raise the defense of immunity by Preliminary Objections.

29) Accordingly, defendant moves that Paragraph 10 and 12 of the Preliminary Objections be dismissed.

30) Defendant demurs to Paragraph 9 and 11 of the plaintiffs' Preliminary Objections as pursuant to the Pennsylvania Rules of Civil Procedure, defendant is not obliged to state the legal theory or theories underlying his counterclaim but need only allege material facts on which a cause of action is based. (Citation omitted.)

4. The District Court found that it lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1441 which provides that "a case may not be removed to federal court unless it may have been brought there originally." Due to lack of jurisdiction, the District Court declined to consider Chester's motion to dismiss Yesavage's counterclaim for failure to state a claim. (R., United States District Court opinion.)

5. Rule 1026(a) provides in pertinent part:

[E]very pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading....
Rule 1028(b) provides:
All preliminary objections shall be raised at one time. They shall state specifically the grounds relied upon and may be inconsistent. Two or more preliminary objections may be raised in one pleading.

31) Defendant demurs as to Paragraph 6 and 8 of the Preliminary Objections, as these paragraphs pleading the lack of power of the Chester Upland School District are properly part of the New Matter affirmative defense Under Section 1030 of the Pennsylvania Rules of Civil Procedure. Further, Chester Upland School District at all times was acting through its agent servant and employee, The City of Chester, when it assessed, failed to reassess, denied certain use and occupancy permits and in working together with Chester Upland School District, restricted and denied plaintiffs appeals and appeal periods from tax assessments.

32) Defendant demurs to Paragraph 7 and 9 of the preliminary objections of the plaintiffs as Section 1019 of the Pennsylvania Rules of Civil Procedure allows the defendant to plead without pleading legal theory or pleading evidence. Plaintiffs are entitled only to the material facts on which a cause of action or defense is based stated in a concise and summary form, Rule 1019, Pennsylvania Rules of Civil Procedure.

(R., Yesavage's preliminary objections.)

After reviewing all of the pleadings in this matter, the trial court entered two orders on July 13, 1992. In the first order, the trial court sustained Chester's preliminary objections to Yesavage's counterclaim and denied Yesavage's preliminary objections to Chester's preliminary objections. In the second order, the trial court dismissed Yesavage's counterclaim with prejudice after concluding that it would be inappropriate to allow Yesavage additional time for amendment since the allegations set forth in the counterclaim were "scattered, vague, lacking in specificity, insufficient and impertinent". (R., trial court opinion.)

■ Before this court, Yesavage first argues that the trial court erred in sustaining Chester's preliminary objections as they were filed beyond the twenty-day statutory period promulgated by Rule 1026(a).[6]

The trial court relied on *Goldsborough v. City of Philadelphia*, 309 Pa.Superior Ct. 347, 455 A.2d 643 (1982), and determined that, absent a showing of prejudice, the failure to file a responsive pleading within twenty days is not absolute. In keeping with this tenet, the trial court sustained Chester's preliminary objections filed beyond the twenty-day statutory period pursuant to Pa.R.C.P. No. 126, which provides:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Noting that Yesavage never alleged prejudice as the result of the untimely filing of Chester's preliminary objections and that this matter was removed to the District Court and remanded to the trial court between service of the complaint and the filing of Chester's preliminary objections, the trial court sustained Chester's preliminary objections after determining that Yesavage had not been prejudiced by the filing beyond the twenty-day period.

It is well settled that the rule requiring the filing of a responsive pleading within twenty days is not absolute. According to our Supreme Court

> Pa.R.C.P. 1026 provides that a pleading shall be filed within 20 days after service of a preceding pleading. This rule is not mandatory but permissive. We have held that late pleadings may be filed "if the opposite party is not prejudiced and justice requires. *Much must be left to the discretion of the lower court.*" *Fisher v. Hill*, 368 Pa. 53, 81 A.2d 860 (1951).

*Paulish v. Bakaitis*, 442 Pa. 434, 441–42, 275 A.2d 318, 321–22 (1971) (emphasis in original).

---

6. The trial court mistakenly concluded that Chester's preliminary objections were filed fifty-five days after this matter was remanded from the District Court. We note that Chester's preliminary objections were filed eighty-six days after this matter was remanded from the District Court.

In the present case, there are no averments in Yesavage's preliminary objections to the preliminary objections filed by Chester to suggest that Yesavage was prejudiced in any way by the late filing on April 24, 1992. It was within the trial court's province to determine whether Yesavage was prejudiced by the filing of Chester's preliminary objections beyond the twenty-day period. Accordingly, the trial court did not err in finding Yesavage not to have been prejudiced, or in refusing to strike Chester's preliminary objections, as the result of their untimely filing.

■ Yesavage next argues that Chester waived its preliminary objections to the counterclaim by failing to assert the same when this matter was before the District Court. Yesavage argues that Chester violated Rule 1028(b) by failing to file its preliminary objections all at one time.

The trial court found this argument by Yesavage to be without merit after opining that it "finds no law on this issue and finds that it makes no logical sense to suppose that pleadings filed in Federal Court must be used in State Court or preclude different pleadings in State Court." (R., trial court opinion.)

Likewise, Yesavage has presented no authority to this court which supports his interpretation of Rule 1028(b)'s applicability to the within matter. We note that the District Court remanded this matter to the trial court and declined to address Chester's motion to dismiss Yesavage's counterclaim for failure to state a claim due to its lack of subject matter jurisdiction over Yesavage's counterclaim. Accordingly, we agree with the trial court that this argument is without merit.[7]

■ Next, Yesavage argues that Pa. R.C.P. No. 1028(d) afforded him an absolute right to plead over after his preliminary objections to Chester's preliminary objections were overruled [8] and before his counterclaim was dismissed with prejudice. Pa.R.C.P. No. 1028(d) provides:

> If the preliminary objections are overruled, the objecting party shall have the right to plead over within twenty days after notice of the order or within such other time as the court shall fix.

■ This court has held Rule 1028(d) to vest in a party whose preliminary objections have been overruled an absolute right to plead over. *Delaware County Solid Waste Authority v. Township of Earl, Bucks County*, 112 Pa.Commonwealth Ct. 76, 535 A.2d 225 (1987). We agree that Rule 1028(d) normally vests in a party whose preliminary objections have been overruled an absolute right to plead over; however, in light of the nature of the preliminary objections filed by Chester, we conclude that Rule 1028(d) did not vest in Yesavage the absolute right to plead over after his preliminary objections to Chester's preliminary objections were overruled.[9]

Pursuant to Pa.R.C.P. No. 1028(a), preliminary objections may be filed by any party to

---

7. Yesavage also argues in this portion of his brief that the trial court erred in denying his motion for more specific pleading since "only the School District has been heard from in this suit. The preliminary objections filed are composed in shotgun fashion and are intended to broadly cover both appellees." (Yesavage's brief, p. 19.) As the record reflects that the pleadings filed by Chester in this matter were jointly filed by both plaintiffs herein, we find this argument by Yesavage to be without merit.

8. We note that a party has the right to file preliminary objections raising any appropriate defenses or objections which that party might have to an adverse party's preliminary objection. Pa.R.C.P. No. 1028(a). The proper method for challenging the propriety of a preliminary objection is by a preliminary objection to a prelimi-

nary objection. Goodrich–Amram 2d § 1017(a):13, 243 (1991).

9. Yesavage has not suggested to this court what pleading he would file in response to Chester's preliminary objections pursuant to Rule 1028(d). However, we note that a party may not respond to preliminary objections a second time with additional preliminary objections as the phrase "plead over" in Rule 1028(d) "is used advisedly. Under no circumstances may an objecting party, if its objection is overruled, file some other kind of preliminary objection. Such a party has already filed all the objections which he or she is permitted to file...." Goodrich–Amram 2d, § 1028(d):1, 58 (1991). As Yesavage has filed all of the preliminary objections he is permitted to file in response to Chester's preliminary objections pursuant to Rule 1028(d), the only pleading

any pleading and are limited to the following grounds:

(1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;

(2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) insufficient specificity in a pleading;

(4) legal insufficiency of a pleading (demurrer); and

(5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action; and

(6) pendency of a prior action or agreement for alternative dispute resolution.

There are basically two categories of preliminary objections. Those raising questions of fact outside the record and those which may be determined from the facts of record.

Rule 1028(c)(2) provides that if an issue of fact is raised, the court shall consider evidence by depositions or otherwise. The explanatory note to Rule 1028(c)(2) provides, in part, as follows:

*Note:* Preliminary objections raising an issue under subdivision (a)(1), (5) or (6) cannot be determined from facts of record. In such a case, the preliminary objections must be endorsed with a notice to plead or no response will be required under Rule 1029(d).

However, preliminary objections raising an issue under subdivision (a)(2), (3) or (4) may be determined from facts of record so that further evidence is not required.

■■■ It is clear that with respect to those preliminary objections which may be determined from the facts of record, no response

Yesavage would be permitted to file in accordance with Pa.R.C.P. No. 1017(a) is an answer on the merits to Chester's preliminary objections. Rule 1017(a) provides:

The pleadings in an action are limited to a complaint, an answer thereto, a reply if the

by the opposing party is required or permitted. The right to plead over and file a responsive pleading to preliminary objections exists only where the preliminary objections aver facts and where the preliminary objections have been duly endorsed with a notice to plead. Rule 1026(a) provides in pertinent part:

[N]o pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Rule 1029(d) provides that "averments in a pleading to which no responsive pleading is required shall be deemed to be denied." As pointed out in the explanatory note to Rule 1028(c)(2), preliminary objections raising an issue under subdivision (a)(1), (5) or (6) must be endorsed with a notice to plead or no response will be required under Rule 1029(d). Further, the explanatory note to Pa.R.C.P. No. 1017(a) provides that "an answer need be filed to a preliminary objection only when the preliminary objection alleges facts not of record."

In the present case, Chester's preliminary objections fall into the category of preliminary objections which may be determined from the facts of record as they were filed pursuant to subdivisions (a)(2), (3) or (4) of Rule 1028. Chester's preliminary objections alleged no facts outside the record and created no factual discrepancies. Therefore, the trial court was not required to take additional evidence before ruling on Chester's preliminary objections.

In addition, Chester's preliminary objections were not endorsed with a notice to plead and as the explanatory note to Rule 1028(c)(2) indicates, no notice to plead was required. Consequently, the averments contained in Chester's preliminary objections were automatically deemed denied negating the necessity for a response by Yesavage.

The fact that Yesavage chose to file preliminary objections objecting to the timeli-

answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection *and an answer thereto.* (Emphasis added.)

ness and propriety of Chester's preliminary objections, which were ultimately denied, did not invoke the absolute right to plead over found in Rule 1028(d) after his preliminary objections were denied. Accordingly, Yesavage did not have an absolute right to plead over or file an answer to Chester's preliminary objections after his preliminary objections thereto were denied as there was nothing remaining to which Yesavage needed to or was permitted to respond.

We note that the Superior Court has addressed the issue of whether a party had an absolute right to plead over pursuant to Rule 1028(d) after that party's preliminary objections to preliminary objections have been overruled. *Ambrose v. Cross Creek Condominiums*, 412 Pa.Superior Ct. 1, 602 A.2d 864 (1992). In *Ambrose*, the defendant's initial preliminary objections raised an issue under subdivision (a)(1) of Rule 1028, alleging lack of personal jurisdiction over the defendant. Plaintiffs filed preliminary objections to defendant's preliminary objections based on timeliness and waiver.

Pursuant to Rule 1028(c)(2), the trial court was required to take additional evidence through depositions or otherwise to resolve the jurisdictional dispute. However, the trial court failed to do so and instead relied solely on affidavits to resolve the preliminary objection raising the question of jurisdiction. The trial court then entered an order overruling plaintiffs' preliminary objections and granting defendant's preliminary objection in the form of a petition to dismiss for lack of personal jurisdiction.

On appeal, the Superior Court held that plaintiffs had an absolute right under Rule 1028(d) to file a responsive pleading on the merits to the defendant's initial preliminary objections after plaintiffs' preliminary objections thereto were overruled. The Superior Court stated that "[h]aving properly filed preliminary objections to Defendant's preliminary objections, Plaintiffs had every right to expect that they would be afforded an opportunity to respond to the jurisdiction issue, in the event their objections based on timeliness

and waiver were not sustained." *Id.* at 14, 602 A.2d at 870.

As is obvious from our previous discussion, the within matter is clearly distinguishable from *Ambrose*. In order to rule on Chester's preliminary objections, the trial court was not required nor did it need to take any additional evidence in order to resolve Chester's preliminary objections. *See* Pa.R.C.P. No. 1028(c)(2); (d). Nor was Yesavage required or permitted to respond to Chester's preliminary objections as the same did not allege facts not of record and the preliminary objections were not endorsed with a notice to plead. As such, Yesavage did not have every right to expect that he would be afforded an opportunity to respond on the merits in the event his objections based on timeliness and propriety were overruled. There was simply nothing alleged by Chester which Yesavage could respond to by pleading over in the form of an answer on the merits pursuant to Rule 1028(d).

■ Yesavage's final argument before this court is that the trial court erred in denying his preliminary objection in the nature of a demurrer since Chester's affirmative defense of governmental immunity was raised in a preliminary objection. Yesavage argues that as an affirmative defense, governmental immunity should only be raised in an answer and new matter in accordance with Pa.R.C.P. No. 1030, which provides:

All affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, assumption of the risk, consent, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.

Yesavage also argues that the face of the counterclaim shows that Chester engaged in criminal activity not protected by sections 8541 and 8542(b) of what is commonly called the Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–8542.

The trial court concluded that a court can address the defense of immunity on preliminary objections if the defense is apparent on the face of the pleading or where the plaintiff has not objected. *E–Z Parks, Inc. v. Larson*, 91 Pa.Commonwealth Ct. 600, 498 A.2d 1364 (1985). In finding the defense to be apparent from the face of Chester's preliminary objections, the trial court conducted an examination of whether Chester was entitled to the defense of governmental immunity in this matter pursuant to 42 Pa.C.S. § 8541.[10] That examination revealed municipalities to be immune from Federal RICO claims, *Genty v. Resolution Trust Corp.*, 937 F.2d 899 (3rd Cir.1991), and that Chester is a local agency falling under the protection of governmental immunity pursuant to 42 Pa.C.S. § 8541. Based on the foregoing, the trial court denied Yesavage's preliminary objections after concluding that Yesavage's allegations did not fall within any of the exceptions to governmental immunity set forth at 42 Pa.C.S. § 8542(b).[11]

Since "the defense of governmental immunity is an absolute unwaivable defense, not subject to any procedural device that could render the governmental agency liable beyond exceptions granted by the legislature", *Lyons v. City of Philadelphia*, 159 Pa.Commonwealth Ct. 107, 114, 632 A.2d 1006, 1010 (1993), we conclude that the trial court committed no error in considering Chester's defense of governmental immunity raised in a preliminary objection. Accordingly, the trial court committed no error in dismissing Yesavage's preliminary objection in the nature of a demurrer after concluding that Yesavage failed to assert any claim which falls within any category in which governmental immunity is waived.

---

**10.** Section 8541 provides:
> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

**11.** The defense of governmental immunity shall not be raised to claims for damages caused by (1) operation of any motor vehicle in the possession or control of the local agency; (2) care, custody or control of personal property in the possession or control of the local agency; (3) care, custody or control of real property in the possession of the local agency; (4) dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency; (5) dangerous condition of the facilities of steam, sewer, water, gas or electric systems owned by the local agency and located within rights-of-way; (6) dangerous condition of streets owned by the local agency or under the jurisdiction of Commonwealth agencies; (7) dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency; (8) care, custody or control of animals in the possession or control of a local agency.