# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                :
         Appellant        :
                     :    No. 1509 C.D. 2015
        v.             :
                     :    Submitted: April 22, 2016
Lt. David Sayors, Szelewski, David  :
Zetwo, Maj. Barry Smith, Valerie   :
Kusiak, Nancy Giroux, Robin M.    :
Lewis                    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: July 13, 2016

Lamar Brown (Brown) appeals, *pro se*, from the February 25, 2015 order of the Court of Common Pleas of Erie County (trial court), which sustained the preliminary objections of Lieutenant David Sayors, Szelewski (first name unknown), David Zetwo, Major Barry Smith, Valerie Kusiak, Nancy Giroux, and Robin M. Lewis (together, Commonwealth Defendants) and dismissed Brown's amended complaint with prejudice.

On June 5, 2014, Brown filed a complaint against the Commonwealth Defendants and alleged the following. In April 2014, Defendant Sayors issued misconduct charges against Brown, contending that Brown used threatening and abusive language toward an employee at the State Correctional Institution at Rockview. According to the complaint, Defendant Sayors' misconduct charges were

fabricated and made in retaliation for Brown filing a grievance against Defendant Sayors in October 2013, wherein he alleged that Defendant Sayors engaged in racial discrimination. In this regard, the complaint asserted that Defendant Sayors' conduct violated Brown's First Amendment rights and the state law torts of fraud and intentional infliction of emotional distress.

In his complaint, Brown also averred that Defendant Szelewski, a misconduct hearing examiner, proceeded with a hearing on the misconduct charges when Brown was not provided with prior notice of the charges and failed to allow Brown sufficient opportunity to present evidence at the hearing. On these allegations, the complaint asserted that Defendant Szelewski violated Brown's rights under the due process clause of the United States Constitution. In addition, Brown alleged that Defendants Zetwo, Smith, Kusiak, Giroux, and Lewis, all members of the Program Review Committee and a Chief Grievance officer, violated his Eighth Amendment right against cruel and unusual punishment in failing to address and/or properly investigate his retaliation claim against Defendant Sayors during the appeal process on the misconduct charges.

On November 5, 2014, the Commonwealth Defendants filed preliminary objections in the nature of a demurrer and other grounds. By order dated November 5, 2014, the trial court sustained the objections, concluding that Brown failed to plead sufficient facts in support of his constitutional law claims and that his state law claims were barred by sovereign immunity. In its order, the trial court granted Brown leave to amend his complaint to cure these deficiencies.

In his amended complaint dated January 2, 2015, Brown abandoned his due process claim against Defendant Szelewski. Brown also added averments that Defendant Sayors was acting outside the scope of his employment when he issued the

2

misconduct charges and violated the Department of Corrections' Code of Ethics. In all other material respects, the amended complaint duplicated the allegations in the original complaint.

On February 20, 2015, the Commonwealth Defendants filed preliminary objections to the amended complaint, primarily demurring on the basis that the averred facts failed to state a legal claim for which relief can be granted. By order dated February 25, 2015, the trial court sustained the preliminary objections based on the reasons set forth in its November 5, 2014 order.

Brown then filed a notice of appeal to the Superior Court, which was due on or before March 27, 2015.[1] On its face, Brown's notice of appeal contained a signature date of March 26, 2015, and the envelope in which it was sent had a stamped notation, "Inmate Mail – PA Dept of Corrections," and a post-marked mailing date of March 27, 2015. However, Brown's notice of appeal was not stamped and recorded as being received by the prothonotary until April 1, 2015.

On April 16, 2015, the trial court entered an order requiring Brown to file a Pa.R.A.P. 1925(b) statement within twenty-one days, i.e., on or before May 7, 2015. Brown thereafter submitted a 1925(b) statement. On its face, Brown's 1925(b) statement contained a signature date of May 6, 2015, and the envelope in which it was sent had a stamped notation, "Inmate Mail – PA Dept of Corrections," and a post-marked mailing date of May 7, 2015. However, Brown's 1925(b) statement was not stamped and recorded as being received by the prothonotary until May 11, 2015.

In his 1925(b) statement, Brown alleged that the trial court erred in dismissing his amended complaint based on the reasons in its November 5, 2014 order because the Commonwealth Defendants' first set of preliminary objections

---

[1] By order dated July 7, 2015, the Superior Court transferred the appeal to this Court.

3

became moot upon the filing of the amended complaint. Brown also asserted that the trial court erred in dismissing the amended complaint without first providing him with thirty days in which to file a response to the second set of preliminary objections.

In its accompanying Pa.R.A.P. 1925(a) opinion, the trial court determined that Brown failed to preserve any issue for review because his 1925(b) statement was filed untimely on May 11, 2015, beyond the due date of May 7, 2015. The trial court further concluded that it properly relied on the reasons in its November 5, 2014 order to dismiss Brown's amended complaint because this reasoning addressed both Brown's original complaint and amended complaint and Brown did not remedy the deficiencies in his original complaint. Finally, the trial court determined that Brown's amended complaint failed to state a due process claim, even though Brown removed this claim from his original complaint and did not include it in his amended complaint.

Before we reach the merits, we must determine whether Brown timely filed his notice of appeal[2] and 1925(b) statement. *See Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002); *The Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1131 n.4 (Pa. Cmwlth. 2001).

In general, "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). A party waives the right to appeal an order if the notice of the appeal is not filed within 30 days after entry of the relevant order. *Koken v. Colonial Assurance Company*, 885

---

[2] In the statement of jurisdiction portion of their appellate brief, the Commonwealth Defendants asserted that Brown filed an untimely notice of appeal.

4

A.2d 1078, 1101 (Pa. Cmwlth. 2005). Importantly, the timeliness of an appeal is jurisdictional, and this Court must quash an untimely appeal absent a showing of fraud or a breakdown in the court's operation. *City of Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005).

Further, whenever the trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), the appellant must comply in a timely manner. *In re Clinton County Tax Claims*, 109 A. 3d 331, 334 (Pa. Cmwlth. 2015). Failure to comply with the order's directive will result in waiver of all issues raised on appeal. *Id.*

However, under the prisoner mailbox rule, a prisoner's *pro se* filing is deemed to be filed at the time it is given to prison officials or put in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096-97 (Pa. Cmwlth. 2014). The reason for this rule is that:

> The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation.

*Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278, 281 (Pa 1996).

Here, Brown proceeded *pro se* throughout this litigation. Although the prothonotary did not receive and record Brown's notice of appeal until April 1, 2015, the envelope in which the notice was delivered contains a post-marked mailing date

of March 27, 2015. Moreover, although the prothonotary did not receive and record Brown's 1925(b) statement until May 11, 2015, the envelope in which the statement was delivered contains a post-marked mailing date of May 7, 2015. The only sustainable inferences to be drawn from these facts is that Brown delivered the envelopes containing his notice of appeal and 1925(b) statement to the prison officials, or placed them in the prison mailbox, on or before their respective due dates of March 27, 2015, and May 7, 2015. Therefore, we conclude that the prisoner mailbox rule applies and that Brown's notice of appeal and 1925(b) statement were timely filed. *See Commonwealth v. Ray*, 134 A.3d 1109, 1110 n.2 (Pa. Super. 2016) (concluding that a mailing stamp date on the prisoner's envelope proved that the prisoner placed his legal filing in the hands of the prison authorities on or before the stamp date). Accordingly, we will address the issues that Brown raises in his brief.

On appeal to this Court,[3] Brown contends that the trial court erred in sustaining the Commonwealth Defendants' preliminary objections to the amended complaint on the basis of the reasoning contained in its first order dismissing the original complaint. Brown argues that his amended complaint replaced his original complaint and the Commonwealth Defendants' preliminary objections to the original complaint. In addition, Brown asserts that the trial court erred in failing to provide

---

[3] We note that appellate review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. *Petty v. Hospital Service Association of Northeastern Pennsylvania*, 967 A.2d 439, 443 n.7 (Pa. Cmwlth. 2009). In reviewing preliminary objections, all well-pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt. *Id.* Such review raises a question of law; thus, our standard of review is *de novo* and our scope of review is plenary. *Id.*

6

him with thirty days in which to respond to the Commonwealth Defendants' preliminary objections to the amended complaint.[4]

Here, in its November 5, 2014 order, the trial court sustained the preliminary objections to the original complaint, concluding that Brown's claims failed as a matter of law and granting Brown leave to amend his complaint. Contrary to Brown's assertions, the trial court's February 25, 2015 order specifically ruled on the Commonwealth Defendants' second set of preliminary objections and found that Brown's amended complaint failed to cure the deficiencies of his original complaint. As the trial court explained: "Although the November 5, 2014 order and the February 25, 2015 order relied on the same reasoning, they addressed the Complaint and Amended Complaint separately. Each [i.e., complaint] was considered independently and the Preliminary Objections to each were sustained by separate orders." Trial court op. at 2. Upon review, this Court is unable to discern any error on the part of the trial court.

Moreover, in some instances, a party must be provided with thirty days to file a response to preliminary objections. *See* 2 GOODRICH AMRAM 2D §1017(a):14 ("The right to plead over and file a responsive pleading to preliminary objections exists only where the preliminary objections aver facts . . . ."). However, "[w]ith respect to those preliminary objections that may be determined from the facts of record, no response by the opposing party is required or permitted." *Chester Upland*

---

[4] Brown also faults the trial court for disposing of his due process claim in its Pa.R.A.P 1925(a) opinion when Brown's amended complaint did not assert a due process claim. However, "[n]egligence in the air, so to speak, will not do," *Bradshaw v. Rawlings*, 612 F.2d 135, 138 (3d Cir. 1979), and Brown has not suffered any demonstrable harm or prejudice as a result of the trial court's ruling. *See also Johnson v. Unemployment Compensation Board of Review*, 869 A.2d 1095, 1117 (Pa. Cmwlth. 2005) (concluding that an improper finding of fact that does not affect the outcome of the case constitutes harmless error).

*School District v. Yesavage*, 653 A.2d 1319, 1325 (Pa. Cmwlth. 1994). In this case, the Commonwealth Defendants' second set of preliminary objections sounded in demurrer, testing the legal sufficiency of the claims given the facts averred in the amended complaint, and the trial court resolved these preliminary objections by analyzing the face of Brown's amended complaint. *See* Pa.R.C.P. No. 1028(b)(2), *Note* (stating that a preliminary objection in the nature of a demurrer "may be determined from facts of record so that further evidence is not required."). As such, Brown was not entitled to file a response, and we conclude that the trial court did not commit procedural error in dismissing his amended complaint.

Brown further argues that his state law claims for fraud and intentional infliction of emotional distress are not barred by sovereign immunity because he averred that Defendant Sayors was acting outside the scope of his employment when he allegedly fabricated the misconduct charges. Brown also argues that he pled a viable First Amendment retaliation claim.

However, Brown did not raise these issues in his 1925(b) statement. Therefore, they are waived for purposes of this appeal. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."); *Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013).

Even if these issues were not waived, we would conclude that they lack merit. As a general matter, this Court has held that intentional torts asserted in connection with a false or fabricated misconduct report do not overcome the bar to sovereign immunity. *See Brown v. Blaine*, 833 A.2d 1166, 1172-73 (Pa. Cmwlth. 2003) (concluding that a prisoner's libel claim asserted against prisoner officials for allegedly fabricating charges and accusing the prisoner of destroying prison property was barred by sovereign immunity); *see also Kull*, 81 A.3d at 158-59.

Regardless, on a more fundamental level, Brown has failed to allege essential elements of a claim for intentional infliction of emotional distress, namely that Defendant Sayors engaged in "outrageous conduct" or that Brown suffered any kind of physical harm as a result of the allegedly false misconduct report. *See Reeves v. Middletown Athletic Association*, 866 A.2d 1115, 1122 n.5 (Pa. Super. 2004) (defining "outrageous or extreme conduct" as conduct that is "so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society."); *Fewell v. Besner*, 664 A.2d 577, 582 (Pa. Super. 1995) ("A plaintiff must also show physical injury or harm in order to sustain a cause of action for intentional infliction of emotional distress."). Brown has also failed to aver essential elements of common law fraud, particularly that he, *himself*, was the recipient of Defendant Sayors' misrepresentations in the misconduct charges, relied upon those representations, and suffered detrimental harm as a result of that reliance. *See Joyce v. Erie Insurance Exchange*, 74 A.3d 157, 167 (Pa. Super. 2013) ("For a *prima facie* case of fraud, the *recipient* of the misrepresentation must be the one to reasonably rely upon the misrepresentation and to be damaged as a proximate cause of that reliance.") (citations omitted, emphasis in original).

Accordingly, having determined that Brown's assertions of error on appeal either lack merit and/or are waived, we affirm the trial court's February 25, 2015 order.

_____
PATRICIA A. McCULLOUGH, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                                          :
                    Appellant                         :
                                                      :   No. 1509 C.D. 2015
          v.                                          :
                                                      :
Lt. David Sayors, Szelewski, David                    :
Zetwo, Maj. Barry Smith, Valerie                      :
Kusiak, Nancy Giroux, Robin M.                        :
Lewis                                                 :

## ***ORDER***

AND NOW, this 13th day of July, 2016, the February 25, 2015 order of the Court of Common Pleas of Erie County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge