IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peggy Ambler, an adult individual,   :
John Ambler, an adult individual,   :
and David Ambler, an adult individual,   :
                   Appellants   :
  :
            v.   : No. 1633 C.D. 2024
  : Argued: October 9, 2025
Board of School Directors of the   :
Hatboro-Horsham School District, and   :
Hatboro-Horsham School District, a   :
Political Subdivision   :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                         FILED: November 3, 2025


Peggy Ambler, John Ambler, and David Ambler (Amblers) appeal the August 22, 2024 order of the Montgomery County Court of Common Pleas, Orphans' Court Division (Orphans' Court), which sustained in part the preliminary objections of the Board of School Directors of the Hatboro-Horsham School District (Board) and the Hatboro-Horsham School District (District) and dismissed the Amblers' petition for equitable relief (Petition) with prejudice. After careful review, we affirm.

## BACKGROUND

This case has a tortuous history. In 1931, Dorothea Simmons donated 10 acres of land to the School District of the Township of Horsham for use as a public school (Property). *Ambler v. Bd. of Sch. Dirs. of the Hatboro-Horsham Sch. Dist.*, 223 A.3d 289, 290 (Pa. Cmwlth. 2019) (*Ambler I*). The Amblers now own the land from which the Property originated. *Id.* Their land includes a "residence, farm, and natural area" that borders the Property on multiple sides. *Id.* The School District of the Township of Horsham constructed a building on the Property in 1933, which served for decades as an elementary school.[1] *Id.* However, the Property has not been in use since 2011. *Id.*

The District is a successor to the School District of the Township of Horsham and owns the Property. *Ambler I*, 223 A.3d at 290. In November 2016, the District entered into an agreement to sell the Property to a private developer. *Id.* at 291. In April 2017, the Board filed a petition for approval of the sale under the Public School Code of 1949 (School Code).[2] *Id.* The Amblers[3] objected to the sale, based on what is commonly known as the Donated or Dedicated Property Act (Act).[4] *Id.* The Civil Division of the Montgomery County Court of Common Pleas (Civil Division) stayed the case in January 2018 and granted the Amblers leave to file a complaint in equity in the Orphans' Court. *Id.*; Reproduced Record (R.R.) at 10a-16a.

---

[1] In 1957, Howard Ambler, Jr. transferred additional land to the School District of the Township of Horsham for $100. *Ambler I*, 223 A.3d at 290.

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 - 27-2702.

[3] It does not appear David Ambler became involved in this case until the Amblers filed the Petition. For ease of discussion, we also refer to Peggy and John Ambler as the Amblers, even when acting in David Ambler's absence.

[4] Act of December 15, 1959, P.L. 1772, 53 P.S. §§ 3381–3386.

The Amblers filed their complaint in March 2018.  *Ambler I*, 223 A.3d at 291. Ultimately, in December 2018, the Orphans' Court granted Count I of the complaint and ordered that any sale of the Property must proceed under the Act.  *Id.* at 290-91. The Orphans' Court dismissed Count II of the complaint, alleging a violation of the public trust doctrine, "without prejudice, as the issue is not ripe . . . to rule on at this time."  R.R. at 25a-26a, 83a (emphasis omitted).

The Board and District appealed.  *Ambler I*, 223 A.3d at 291.  On December 12, 2019, this Court reversed the Orphans' Court, holding the School Code governed the disposition of the Property, rather than the Act.[5]  *Id.* at 293.  The matter returned to the Civil Division, which approved the sale of the Property under the School Code in August 2022.  R.R. at 359a.  The Amblers appealed, and we affirmed on December 7, 2023.[6]  *In re: Petition of Bd. of Sch. Dirs. of Hatboro-Horsham Sch. Dist. for Sale of Real Prop.*, 306 A.3d 981, 989 (Pa. Cmwlth. 2023), *reargument denied* (Jan. 23, 2024), *appeal denied*, 323 A.3d 148 (Pa. 2024) (*Ambler II*).

The present stage of this dispute began when the Amblers filed their Petition in the Orphans' Court on May 7, 2024.  The Petition contained five counts, including two counts alleging the sale of the Property violates the public trust doctrine and one count each alleging the sale violates the School Code, the Uniform Trust Act,[7] and the Pennsylvania Constitution.  The Board and District filed preliminary objections on May 28, 2024, contending the law of the case, res judicata, and collateral estoppel doctrines barred the Amblers' Petition based on the decision in *Ambler I*.  Moreover,

---

[5] The Amblers filed a petition for allowance of appeal, but the Pennsylvania Supreme Court denied review on September 8, 2020.

[6] The Amblers filed a petition for allowance of appeal, but our Supreme Court again denied review on July 24, 2024.

[7] 20 Pa.C.S. §§ 7701-7790.3.

the Board and District contended the Amblers had failed to state a viable public trust claim and requested, in the alternative, that the Orphans' Court stay the case pending the outcome of the Amblers' petition for allowance of appeal in *Ambler II*. On June 27, 2024, the Amblers filed a preliminary objection to the preliminary objections, in which they maintained the Board and District could not raise the affirmative defense of res judicata except in an answer as new matter. On July 17, 2024, the Board and District filed a response to the Amblers' preliminary objection.

By order dated August 22, 2024, the Orphans' Court sustained the preliminary objections of the Board and District regarding law of the case, res judicata, collateral estoppel, and failure to state a viable public trust claim and dismissed the preliminary objection requesting a stay as moot, given that our Supreme Court denied the petition for allowance of appeal in *Ambler II*.[8] The Orphans' Court dismissed the Amblers' Petition with prejudice. The Amblers timely appealed.[9]

In its opinion, dated December 16, 2024, the Orphans' Court reasoned the law of the case, res judicata, and collateral estoppel doctrines barred the Petition. R.R. at 363a-66a. Additionally, the Orphans' Court reasoned the Amblers could not state a public trust claim. *Id.* at 367a. Relying on *Ambler I*, the Orphans' Court explained the School Code governed the sale of the Property, rather than the Act or the public trust doctrine. *Id.* at 358a-59a, 363a-67a. Addressing the Amblers' contentions that it should have permitted them to substantively respond to the preliminary objections of the Board and District, and that further fact-finding was necessary, the Orphans'

---

[8] The Orphans' Court did not expressly rule on the Amblers' preliminary objection and may have accepted the argument of the Board and District that the Amblers' preliminary objection "functions as a response" to the preliminary objections of the Board and District. *See* R.R. at 325a.

[9] The Orphans' Court ordered the Amblers to file a concise statement of errors complained of on appeal, and the Amblers timely complied.

Court explained it complied with the Pennsylvania Orphans' Court Rules, and there were no new facts at issue in the case. *Id.* at 362a-63a, 366a-67a.

Before this Court, the Amblers argue the Orphans' Court dismissed the public trust claim in *Ambler I* without prejudice. Amblers' Br. at 10-11, 14-16. Thus, they contend the public trust claim remains unresolved, and the res judicata and collateral estoppel doctrines are inapplicable. *Id.* Regarding the law of the case, the Amblers argue the public trust doctrine continues to exist apart from the Act, and the Orphans' Court's decision improperly eliminates the public trust doctrine from the law. *Id.* at 11-12, 19-29. The Amblers challenge the Orphans' Court's statement that there are no new facts at issue in this case and argue the facts they allege are sufficient to state a public trust claim. *Id.* at 12-13, 26-29. Finally, the Amblers maintain the Orphans' Court should have ruled on their preliminary objection and, if it decided to overrule the preliminary objection, given them the opportunity to substantively respond to the Board and District's preliminary objections before dismissing the Petition. *Id.* at 13, 29-31.[10]

## DISCUSSION

This Court's standard of review of an order sustaining preliminary objections is *de novo*, and our scope of review is plenary. *Williams v. City of Phila.*, 164 A.3d 576, 584 n.14 (Pa. Cmwlth. 2017) (en banc). "In other words, we do not defer to the [O]rphans' [C]ourt when reaching our decision, and we may review the entire record on appeal." *In re: Est. of Potocar*, 283 A.3d 936, 941 (Pa. Cmwlth. 2022) (en banc). A court ruling on preliminary objections "accept[s] as true all well-pleaded material

---

[10] As part of these arguments, the Amblers question an explanation in the Orphans' Court's opinion regarding why the prior Orphans' Court judge, who entered the order in *Ambler I*, dismissed their public trust doctrine claim without prejudice. Amblers' Br. at 12, 17-19. The Amblers also argue the Orphans' Court should have considered their remaining claims regarding the School Code, the Uniform Trust Act, and the Pennsylvania Constitution. *Id.* at 12, 16-17.

allegations" and any inferences reasonably drawn from the allegations but "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *In re: Wilkinsburg Taxpayers & Residents Int. in Green St. Park Sale to a Priv. Dev. & Other Park-Sys. Conditions*, 200 A.3d 634, 640 n.12 (Pa. Cmwlth. 2018). A court may sustain preliminary objections only when it "appear[s] with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id.*

### Res judicata

We begin by considering whether res judicata bars the Amblers' Petition. The doctrine of res judicata includes the "related, yet distinct, principles" of technical res judicata, or claim preclusion, and collateral estoppel, or issue preclusion. *Boulin v. Brandywine Senior Care, Inc. (Workers' Comp. Appeal Bd.)*, 307 A.3d 845, 851 (Pa. Cmwlth. 2024). We focus here on technical res judicata. This Court has explained:

> Technical res judicata provides that when a final judgment on the merits exists, a future suit between the same parties on the same cause of action or claim is precluded. Technical res judicata applies when the following four factors are present: (1) identity in the thing sued upon or for; (2) identity of the causes of action; (3) identity of the persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. This doctrine applies to claims that were actually litigated as well as those matters that could and should have been litigated. The essential inquiry is whether the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.

*Id.* (citations and italics omitted).

We agree with the Amblers that "a dismissal without prejudice is not intended to be res judicata of the merit to the controversy." *Mun. of Monroeville v. Liberatore*, 736 A.2d 31, 33 (Pa. Cmwlth. 1999) (quoting *Robinson v. Trenton Dressed Poultry Co.,* 496 A.2d 1240, 1243 (Pa. Super. 1985)) (italics omitted). Nevertheless, their

6

contention that the Orphans' Court dismissed the public trust doctrine claim without prejudice fails to appreciate the proceedings on appeal and the practical effect of this Court's decision reversing the Orphans' Court in *Ambler I*. Count II of the Amblers' 2018 complaint accused the Board and District of "wasting" the Property in violation of the public trust doctrine and requested an order enjoining the Board and District "from proceeding with the proposed [s]ale," along with any other relief deemed just and equitable. R.R. at 25a-26a. This Court went on to conclude in *Ambler I* that the School Code "exclusively governs the disposition of the Property." 223 A.3d at 293. The Amblers filed a petition for allowance of appeal, but our Supreme Court denied review. The Civil Division then approved the sale of the Property under the School Code, and this Court affirmed. *Ambler II*, 306 A.3d at 989. The Amblers again filed a petition for allowance of appeal, and our Supreme Court again denied review. This culminated in a final judgment on the merits approving the sale of the Property under the School Code.

Critically, the "cause of action" for res judicata purposes "may be determined by considering the similarity in the acts complained of and the demand for recovery, as well as the identity of the witnesses, documents and facts alleged and whether the same evidence is necessary to prove each action." *Swift v. Radnor Twp.*, 983 A.2d 227, 232 (Pa. Cmwlth. 2009). The acts complained of, desired relief, and potential evidence in this matter are in all important respects the same as in the Amblers' prior actions. The Amblers oppose the sale of the Property to a private developer, relying on the theory that the Board and District hold the Property in trust, and they seek an order enjoining the sale. *See Ambler I*, 223 A.3d at 291-92; R.R. at 22a-26a, 107a-120a. The Amblers "cannot escape operation of the bar of res judicata" merely by

7

"adopting a different method of presenting the case." *Swift*, 983 A.2d at 232 (italics omitted).

It is also important to consider the relationship between the Act and the public trust doctrine, which is a product of the common law. *In re: Est. of Ryerss*, 987 A.2d 1231, 1236 n.8 (Pa. Cmwlth. 2009) (en banc). As the Court has explained, the public trust doctrine provides that, "when land has been dedicated and accepted for public use, a political subdivision is estopped from interfering with or revoking the grant at least so long as the land continues to be used, in good faith, for the purpose for which it was originally dedicated." *Id.* Similarly, Section 2 of the Act provides:

> All lands or buildings heretofore or hereafter donated to a political subdivision for use as a public facility, or dedicated to the public use or offered for dedication to such use, where no formal record appears as to acceptance by the political division, as a public facility and situate within the bounds of a political subdivision, regardless of whether such dedication occurred before or after the creation or incorporation of the political subdivision, shall be deemed to be held by such political subdivision, as trustee, for the benefit of the public with full legal title in the said trustee.

53 P.S. § 3382. Under Section 3 of the Act, "[a]ll such lands and buildings held by a political subdivision, as trustee, shall be used for the purpose or purposes for which they were originally dedicated or donated, except insofar as modified by court order pursuant to this act." 53 P.S. § 3383.

Our Supreme Court considered the Act and public trust doctrine in *In re Erie Golf Course*, 992 A.2d 75, 86 (Pa. 2010), agreeing with the view "that the referenced provisions of the Act merely incorporate salient common-law principles." The Court further noted that, "[t]o the extent the Act modifies the public trust doctrine, the prior common law principles are superseded." *Id.* at 86 n.16; *see In re: Twp. of Jackson*, 280 A.3d 1074, 1087 (Pa. Cmwlth. 2022) (observing that "[t]he public trust doctrine

8

. . . is incorporated into the [Act]"). Moreover, our Supreme Court has described the Act as a codification of the public trust doctrine. *See In re Borough of Downington*, 161 A.3d 844, 872 (Pa. 2017) (summarizing the public trust doctrine and explaining Section 2 of the Act "codifies these legal precepts"). To the extent the School Code governs the sale of the Property to the exclusion of the Act, it must also govern the sale of the Property to the exclusion of the public trust doctrine. Thus, we conclude "the ultimate and controlling issues have been decided in a prior proceeding in which the present parties had an opportunity to appear and assert their rights," *Boulin,* 307 A.3d at 851, and the Orphans' Court correctly applied the doctrine of res judicata.

**Failure to allow a substantive response**

We next consider the Amblers' argument that the Orphans' Court should have given them the opportunity to substantively respond to the preliminary objections of the Board and District before dismissing their Petition. Rule 3.9(b), (d)(2)-(e)(1) of the Pennsylvania Rules of Orphans' Court Procedure provides as follows:

> **(b) Grounds for Preliminary Objections.** Preliminary objections filed to any petition under the Rules of Chapter III are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or lack of jurisdiction over the person, improper venue, or improper form of service;
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer);
>
> (5) lack of standing or lack of capacity to sue, nonjoinder of a necessary party, or misjoinder of a cause of action; and

(6) pendency of a prior action or agreement for alternative dispute resolution.

. . . .

**(d) Disposition of Preliminary Objections.**

(1) A party may file an amended pleading, without consent of any other party and without leave of court, within 20 days after service of the preliminary objections. If a party files an amended pleading, the preliminary objections to the original pleading shall be deemed moot.

(2) In all other instances, the court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall consider evidence by deposition or otherwise.

**(e) Pleadings Allowed Subsequent to the Disposition of Preliminary Objections.**

(1) If the preliminary objections are overruled, the party who filed the preliminary objections shall have the right to file an answer within 20 days after entry of the order overruling the preliminary objections or within such other time as the court shall direct.

Pa.R.O.C.P. 3.9(b), (d)(2)-(e)(1).

As an initial issue, we address the Amblers' preliminary objection challenging the inclusion of res judicata in the preliminary objections of the Board and District. Res judicata is an affirmative defense that must generally be presented in an answer as new matter. *Russo v. Allegheny Cnty.*, 125 A.3d 113, 121 n.9 (Pa. Cmwlth. 2015). If a party wishes to challenge the inclusion of res judicata in preliminary objections, he or she may file preliminary objections to those preliminary objections challenging the procedural irregularity. *Stilp v. Commonwealth*, 910 A.2d 775, 784 (Pa. Cmwlth. 2006). Nonetheless, it is acceptable to include res judicata in preliminary objections "where the complaint makes reference to the prior action on which the defense of res judicata may rest." *Bell v. Twp. of Spring Brook*, 30 A.3d 554, 558 (Pa. Cmwlth.

10

2011) (italics omitted). Because the Amblers acknowledged the decisions in *Ambler I* and *Ambler II* in the Petition, the Board and District properly included res judicata in their preliminary objections.

Regarding the Amblers' ability to file a response to the preliminary objections of the Board and District, the Comment to Rule 3.9 explains, in relevant part:

> Preliminary objections raising an issue under subparagraphs (b)(2), (b)(3), (b)(4), and in some instances (b)(1), may be determined from the facts of record so that further evidence is not required. In such situations, the court may summarily decide preliminary objections prior to the filing of an answer.
>
> Preliminary objections raising an issue under subparagraphs (b)(5) and (b)(6), and in some instances (b)(1), cannot be determined from the facts of record. In such situations, if the preliminary objections are not endorsed with a notice to plead in the form required by Rule 3.5(b)(1), no reply will be required under Rule 3.10, and the preliminary objections will be overruled.

Pa.R.O.C.P. 3.9, Comment. This Court has interpreted language similar to Rule 3.9, found in Rule 1028 of the Pennsylvania Rules of Civil Procedure, Pa.R.A.P. 1028,[11] explaining, "with respect to those preliminary objections which may be determined from the facts of record, no response by the opposing party is required or permitted." *Chester Upland Sch. Dist. v. Yesavage*, 653 A.2d 1319, 1325 (Pa. Cmwlth. 1994).

In this case, the Board and District presented their law of the case, res judicata, collateral estoppel, and failure to state a public trust claim preliminary objections as demurrers under Rule 1028(a)(4). The Comment to Rule 3.9 provides the court may "summarily decide" a demurrer "prior to the filing of an answer." Pa.R.O.C.P. 3.9, Comment. Further, because the Amblers acknowledged the decisions in *Ambler I* and *Ambler II* in the Petition, the Orphans' Court was able to decide the preliminary

---

[11] "Rule 3.9 . . . is derived from Pa.R.C[iv.P. ]1028." Pa.R.O.C.P. 3.9, Note.

objections "from the facts of record" without the need for further evidence. *Id.*; *see also Chester Upland Sch. Dist.,* 653 A.2d at 1325. This supports the conclusion that the Amblers were not entitled to file a substantive response.[12]

Accepting for the sake of argument the Orphans' Court should have permitted the Amblers to substantively respond to the preliminary objections of the Board and District, we conclude any error was harmless. *See R.H.S. v. Allegheny Cnty. Dep't of Hum. Servs.*, 936 A.2d 1218, 1227-28 (Pa. Cmwlth. 2007) (explaining, "to amount to reversible error, [a] procedural defect must also cause harm. . . . Absent a showing of prejudice, we discern no reversible error") (citations omitted). The Amblers did not substantively respond to the preliminary objections of the Board and District, but the brief in support of their preliminary objection challenged the Board and District's res judicata defense on the merits. R.R. at 318a-19a. Moreover, the validity of a res judicata defense is a question of law. *Clark v. Keystone Lawn Spray*, 302 A.3d 820, 825 (Pa. Cmwlth. 2023). The Amblers addressed res judicata in their brief on appeal before this Court, and we have reviewed that defense, concluding res judicata applies and bars the Amblers' Petition.[13, 14]

---

[12] The Comment to Rule 3.9 indicates the preliminary objection of the Board and District alleging the pendency of a prior action, i.e., requesting a stay pending the outcome of the Amblers' petition for allowance of appeal in *Ambler II,* was one that "cannot be determined from the facts of record." Pa.R.O.C.P. 3.9, Comment. However, there was no reason to respond to that preliminary objection once the Supreme Court denied review and the Orphans' Court deemed the matter moot.

[13] *See also Lilly v. Boots & Saddle Riding Club* (Pa. Cmwlth., No. 57 C.D. 2009, filed July 17, 2009), slip op. at 10 (concluding, "[e]ven if the trial court erred in not allowing Plaintiffs to answer the preliminary objections, the error is a harmless one" because this Court was able to review the demurrers, and "remanding the case for Plaintiffs to brief the same issues they have briefed here serves no meaningful purpose and is inefficient"). We may cite our own unreported memorandum opinions filed after January 15, 2008, for their persuasive value. *See City of Phila. v. 1531 Napa, LLC*, 333 A.3d 39, 47 n.6 (Pa. Cmwlth. 2025).

[14] Given this disposition, we do not address the Amblers' remaining arguments.

**CONCLUSION**

Based on our analysis, the Orphans' Court correctly sustained the preliminary objection of the Board and District raising the defense of res judicata. Additionally, the Amblers were not entitled to substantively respond to the preliminary objections of the Board and District. Even if the Amblers were entitled to respond, we conclude any error was harmless. Therefore, we affirm the Orphans' Court's August 22, 2024 order, sustaining the preliminary objections of the Board and District and dismissing the Amblers' Petition with prejudice.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peggy Ambler, an adult individual, :
John Ambler, an adult individual, :
and David Ambler, an adult individual, :
                Appellants :
                 :
        v. : No. 1633 C.D. 2024
                 :
Board of School Directors of the :
Hatboro-Horsham School District, and :
Hatboro-Horsham School District, a :
Political Subdivision :

# **O R D E R**

    **AND NOW**, this 3rd day of November 2025, the August 22, 2024 order of the Montgomery County Court of Common Pleas, Orphans' Court Division is **AFFIRMED**.

                                  _____

                                  STACY WALLACE, Judge